C. GRANT LEWIS, Appellant, *vs.* CORNELIUS F. BUCK, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

In an action of replevin in which Plaintiff claimed ownership and right of possession, the answer set up that the Defendant, being United States Marshal, and having in his hands a writ of attachment from the United States District Court, against a party other than the Plaintiff, levied upon the property as the property of the Defendant in the writ; *Held,* that this plea, if not denied, constituted a conclusive defence to the action.

Under such plea, the Defendant is entitled to judgment for a return of the property, or the value thereof, where he has demanded the same in the answer.

Points and Authorities for Appellant.

I.—Defendant's right to judgment for a return or the value does not follow of course upon his right to judgment. Defendant in replevin may have judgment without being entitled to a return.

The statutes (*Comp. Stat.* 566, *Sec.* 10), provide that "if the property have been delivered to the Plaintiff and the Defendant claim a return thereof, judgment for the Defendant may be for a return of the property or its value." The language is not imperative, that the judgment *shall* be for a return, etc.; but only enabling, that it *may* be for such return,

etc. It merely enables the Court to render such judgment, but does not provide that it shall do so without regard to the right of possession, and the justice of the case.

The claim intended by the statutes is not a bare demand in the answer, but it must be a demand based upon facts showing the right of possession in Defendant, and before a return can be ordered the Court must adjudge such facts to be sufficient to entitle the Defendant in law to the possession. And herein the statutes conform to the common law rule, as regulated by the English statutes. *Bacon's Abridgment, Vol. 6, p.* 82, *title Replevin and Avowry,* states that rule as follows : .

"And there is no difference between a justification and an avowry, for whatever is set forth in either must be maintained. The Defendant in replevin, to entitle himself to a return of the goods distrained, must make his avowry, unless it be in such case where he claims property ; so that though the Plaintiff's writ abate, yet the Defendant is not entitled to his *retorno habendo,* unless he have made his avowry." *Gilbert on Replevin,* 167, 170; *Wilkinson on Replevin, Law Library,* 84, 46.

All the pleas in justification, such as property in defendant, or in him and Plaintiff, or in a stranger, or right of possession under Plaintiff, entitling Defendant to have return, proceed upon the ground that the Defendant must show either a better, or at least as good a right to the possession in himself, as in the Plaintiff, for in demanding a return he becomes Plaintiff.

II.—The Defendant, therefore, cannot have judgment for the return or value of the property, unless the new matter in the answer, taken in connection with the allegations in the complaint which the motion concedes to be true, show that when the suit was commenced he was just as much entitled to the possession as Plaintiff.

By the motion, Defendant concedes to Plaintiff the benefit of the allegations in his complaint, as if found in his favor. He claims, in substance, that admitting Plaintiff to be, as alleged in the complaint, the owner, still he (Defendant) is entitled to have a return of the property or its value, as having the right of possession as against Plaintiff, because, as

United States Marshal, acting under a writ of the Federal Court against Edmund W. Lewis, he levied upon it as the property of said Edmund W. In other words, that under a writ against A, he may seize the property of B, and thereby acquire a right to the possession as against the rightful owner. This proposition would enable him to range the whole country and seize any man's property to satisfy any writ in his hands; and if it be sound and can govern in this case, then it must be equally sound and must govern in all cases, no matter what the form of the action, nor the court in which it is brought. The mere fact, that as United States Marshal he seized upon the property as that of Edmund W. Lewis, the Defendant in his writ, gives him no legal right to the possession. He was commanded by the writ to take the property of Edmund W. Lewis, and if he seize Plaintiff's property, it would be monstrous to hold that by such trespass he acquired the right to the possession as against Plaintiff. His right to hold necessarily depends upon the right to seize, and his right to seize depended upon whether the property was that of the Defendant in the writ. Admitting by his motion that Plaintiff was the owner, he concedes the wrongfulness of his seizure, and consequently of his claim to possession.

No man's right can be taken away, or in any manner impaired or interfered with, except by his own act, or by " due process of law "; by which is meant a legal and regular proceeding of a Court, to which he is a party, and of which he has notice. In a proceeding between others to which he is not a party, no action of the Court, nor act of its officers, nor of the parties, can deprive him of any right, or create any right against him.

The second ground of the motion, and one apparently approved by the Court below, however it may be worded, is in substance and effect this: That, although Plaintiff may be the owner, and therefore legally entitled to the possession, (which the motion admits), and that the Defendant is not legally entitled to the possession, still the Plaintiff cannot hold the property in virtue of his ownership and right of possession, unless he gets it from Defendant's wrongful possession by legal process, and having got it by an irregular and

void proceeding (as this action is held to be in *Freeman vs. Howe*), he cannot hold it, but the Court must restore Defendant to his wrongful possession. In other words, that having in that manner regained possession of his property, the right to hold and possess it is thereby transferred to Defendant. The right of possession must be found in Defendant before the Court can affirm the judgment of the Court below; and the claim of Defendant is, that such right of possession is determined by and dependant on the manner in which Plaintiff took the property from Defendant, without regard to the ownership and the rights thereto pertaining.

The owner of property entitled to possession, may take it whenever and wherever he finds it, without any process. If he commit a trespass or breach of the peace in taking it, he is liable for such trespass or breach of the peace, but the right of possession is not thereby transferred, so as to vest in the wrong doer from whom he took the property. If he take it under process void for want of jurisdiction in the Court issuing it, it is the same as if he took it without process. He is certainly in no worse plight, and it cannot affect the rights of the parties as they existed before the process issued.

Therefore, the fact that Defendant took the property from Plaintiff upon a writ against Edmund W. Lewis, does not give Defendant a right of possession as against Plaintiff, the legal owner. And the fact that Plaintiff regained his possession by means of void process does not entitle Defendant to a return.

III.—The second point proceeds upon the assumption, that the Court in this action may adjudicate the right of possession upon the facts presented by the moving papers. That such adjudication must be made before a return can be ordered, is established by the first proposition. But Plaintiff claims that the Court cannot, in this action, make such adjudication, nor render any judgment which will require such to be made.

When facts are pleaded or proved, (no matter how they appear, whether by a plea in abatement or in bar), showing want of jurisdiction of the subject matter of the action, the Court may proceed to ascertain the existence of those facts;

but they being ascertained, and ousting the jurisdiction, the Court can go no further, except to dismiss the cause out of Court, leaving the parties to seek their proper remedies in the proper jurisdiction. Beyond that, every act, determination, judgment, or order, is *coram non judice* and void, jurisdiction cannot be split up. Thus, if it fail as to the subject matter, it fails *in toto* of the whole cause. Not only cannot the Court try and determine the subject matter, but it cannot try and determine anything which depends upon the merit of the subject matter. In this case the subject matter (the wrong complained of) is the taking and detention, and whether rightful or wrongful, and the rights of the parties consequent on such taking and detention. The title is not the main issue, but it goes to establish the right of possession, which is the main issue. Now the taking and detention being under process (or claimed to be so) of the Federal Court, vests in the Federal Court exclusive jurisdiction to try and determine whether they were rightful or wrongful, and also any and every question or issue upon which that issue depends, or which depends on that issue. The State Courts have no jurisdiction to try those matters. Such is the effect of the decision in *Freeman vs. Howe*, 24 *Howard*, 450. The Court speak of the action in the State Court as a void proceeding, and of the jurisdiction that first attaches in such cases being exclusive. The right to possess depends on the rightfulness of the seizure, and the rightfulness of the seizure is the very matter of which the State Court has no jurisdiction. Yet it cannot give judgment, either for Plaintiff or Defendant, for the possession or value of the property, without trying and determining the righfulness of the seizure, and the rights dependent thereon; as Defendant claims under his levy, it must decide whether such levy were right or wrong.

It is absurd to claim, as Defendant does, that the Supreme Court, in *Freeman vs. Howe*, did not decide that the State Court had no jurisdiction in such case, or that it simply decided the plea of the Marshal to be a good defence. For the Supreme court declares that the proceeding in the State Court "was a nullity, and gave the Court no jurisdiction over it" (the property), which it surely would not have done had

it regarded the matter pleaded as merely a good defence. Who ever heard of a suit or proceeding in Court being declared a nullity, merely because the Defendant had a good defence to such suit or proceeding? The proceedings of Courts may be erroneous and irregular, but they are never nullities, when the Court has jurisdiction and authority to entertain them.

We insist that the only judgment which the Court can render is one simply of dismissal for want of jurisdiction. And if Defendant's levy is rightful, he may retake the property himself, or, if need be, apply to the Federal Court for the proper remedy. In the State Court, his proper and only course is, to ask for a dismissal of the action, and thereby save himself from costs and damages. According to *Freeman vs. Howe*, the process by which the Plaintiff took the property from Defendant was " a nullity, and gave the Court no jurisdiction over it." *Page* 454. " There was no authority under the process of the State Court to interfere with it." *Page* 457.

When Plaintiff retook the property, Defendant knew it was not by authority of the Court, and that the process was a nullity upon its face, for it showed upon its face, in stating Defendant's pretext for the taking and detention, that he was Marshal, and had levied under a writ of the Federal Court. (*See Affidavit for Delivery.*) The case was therefore just as if Plaintiff had gone without process and demanded the property, and Defendant had upon such demand delivered it to him. It was his voluntary act. Nothing is clearer than that if Defendant in replevin, pending the action, voluntarily deliver the property to Plaintiff, he cannot in that action have judgment for the return or value. He can only ask such judgment where the Court has taken it from him.

The Court will note by the record that the judgment is not of non-suit merely, but is a judgment on the merits, operating as a bar to another action. So the Court below decides that the fact of Defendant having attached our property under a writ against a third person, gives him an absolute right to possession or value of our property, and entitles him to a

judgment upon the merits, in bar of any other action in any Court.

While this judgment stands, therefore, it is a bar to any proceeding by Plaintiff in the State or Federal Courts, calling in question the matters set forth in the pleadings, no matter what the form of his action or proceeding.

The judgment should, therefore, be reversed, at least so much of it as is for the return of the property or its value.

Points and Authorities of Respondents.

It is not denied that the answer of the Defendant is a good defence to the action, and were it not that the Plaintiff has obtained possession of the property *in limine*, no difficulty could arise in the case.

But it is claimed by the Plaintiff that under the decision of the United States Supreme Court, in the case of *Freeman vs. Howe*, 24 *How. U. S. Rep.*, this Court has no jurisdiction to order a return of the property to the Defendant, but must simply dismiss the action, leaving the property wherever it may happen to be. The Defendant claims a return.

There are thus two questions presented in the case.

1st. What is the proper judgment to be rendered in an action of replevin, where the Plaintiff fails ; and,

2d. Is there any reason why the Court should not render such judgment in this case ?

I.—What is the proper judgment ?

In the old common law action of replevin, the property was always taken *in limine*, by the issuing of the writ, and until the writ was executed by the seizing of the property, the action was not commenced.

Therefore, if the Plaintiff recovered, the judgment was always merely for costs, and nothing was said in it about the property, that having already been delivered by force of the mesne process.

If judgment was for the Defendant, it was with the *retorno habendum* clause.

The action of detinue, however, differed in this, that the property was not taken at the commencement of the action ;

but if the Plaintiff succeeded he was entitled to a judgment for a recovery of the property, the judgment in case of the success of the Defendant being merely that the Plaintiff take nothing by his suit. *See Gilbert on Replevin, pp.* 8, 21, 66, 170-71, 160, 164; 2 *Tidd's Practice,* 842-43; *2d Archbold's Pleadings,* 71-2-3.

The action for claim and delivery of personal property under the Code is a combination of the old actions of replevin and detinue.

Under the Code, in neither case is the taking of the property necessary to the commencement of the action, though in either case it may be taken *in limine.* Also, though the action be for a *wrongful taking,* and in the nature of replevin, yet the Plaintiff may have a judgment for a recovery of the property, if he have not taken the same at the commencement of the proceedings.

The *gist* of the action, and the *real issue* to be tried in both cases, is not the right of property, but the *right of the Plaintiff to the immediate possession* of the chattels. *People vs. Niagara, Com. Pleas,* 4 *Wend.,* 217; *Pierce vs. Van Dyke,* 6 *Hill,* 613.

But if a Defendant denies the title of the Plaintiff, though he plead title in a stranger, success on that plea, or the nonsuit of the Plaintiff, entitles the Defendant to a return. *Ingraham vs. Mead,* 1 *Hill,* 353; *Rogers vs. Arnold,* 12 *Wend.,* 30; *Prosser vs. Woodward,* 21 *Wend.,* 205; *Morse vs. Stone,* 5 *Barb.,* 526; *Nichols vs. Dusenbury,* 2 *Coms.,* 283.

From these cases it appears that whenever the Plaintiff fails to establish his exclusive right to the possession of the property, the Defendant is entitled to a return. Consequently the Defendant is always entitled to a return in case of a nonsuit; the only difference in the judgment in such a case, being that in case of nonsuit the words " irreplevisable, or *non replegiando,*" are left out in the judgment. See 2 *Archbold's Pleas,* 71; 1 *Bouvier's Law Dict., Title Judgment Subdivision in Replevin, sec.* 45, 42, *p.* 679; 2 *Burrill's Pr.,* 20; 3 *Burrill, sec.* 261. And these principles, so far from being changed by the Code are directly affirmed therein. *Comp. Stat.,* 566, *sec.* 70.

II.—Has this Court, then, the power or jurisdiction to give the Defendant the relief to which he is entitled, or must it merely dismiss the action, allowing the Plaintiff to retain the benefit he has secured by this abuse of its process.

*a.* The Plaintiff seems to suppose that it was decided in the United States Supreme Court that the State Court had no jurisdiction of a case like the present, and that having no jurisdiction it can render no judgment in the case except a mere refusal to proceed further.

But we think, even granting the Plaintiff's premises, his conclusion is a *non sequitur.*

The principle of the action of replevin is, as we have seen, peculiar. In that action, on any other plea than a mere *non cepit,* both parties are actors—the Plaintiff, on account of the taking of which he complains, and the Defendant, on account of the taking under the writ. *See Powell vs. Hinsdale,* 5 *Mass.,* 343; 2 *Burrill's Pr.,* 3.

The principle that obtains in nonsuits, or dismissals of other actions, is equally applicable to those of replevin or detinue. That principle is, that parties should be put in *statu quo ante litem.* No other principle could do justice between the parties, and on that principle it is that a Plaintiff, who has been nonsuited, must pay the costs of the first suit before he will be allowed to proceed in another. *Kentish vs. Tatham et al.,* 6 *Hill,* 372, *and cases cited.*

A dismissal under the Code is equivalent to a nonsuit under the old practice, and as we have seen, a judgment of nonsuit was a judgment of return. The judgment claimed by the Plaintiff would be, substantially, a judgment in his favor; and it would be precisely the proper judgment, had the Defendant succeeded on a mere issue of *non cepit.*

Now it is not pretended, even by the Plaintiff, but that some judgment must be rendered in this action. We think we have shown that a judgment of return is the only judgment which is pertinent and responsive to the issues in the case.

*b.* But, in fact, the United States Supreme Court has not decided that the State Court has no jurisdiction of such a case.

That Court simply decided that the plea.of'the United States Marshal was a good defence in itself, irrespective of the ultimate right of property, and that it was not necessary for the United States Marshal to go further and show property in the Defendant in the writ.. In other words, that Court simply held that the facts set up by the Marshal, gave him, as representing the United States Court, a special property in the goods—that they showed his right to the. possession, as being the possession of the United States Court, and negated the right of the Plaintiff to the possession.

In *Taylor vs. Caryl*, 20 *How.*, 595, the Court says: "The Marshal, by a levy, acquires a special property in the goods," and in *Peck vs. Jenness*, 17 *Curtiss*, 373, "in an attachment the sheriff takes the possession of the goods and acquires thereby a special property in them."

The Supreme Court decided that the question was one of conflict of jurisdiction, and that the law was that the jurisdiction which first'attached had the right to the possession of the property, and of deciding all questions in·relation to it. And, consequently, that it was a full and perfect defence for the Marshal to set up that he had taken the property as Marshal, and that the United States Court, through him as its agent, had taken the property into its possession, and had first acquired jurisdiction over the property, and over questions pertaining to it.

These are not matters of a plea to the jurisdiction, but are matters of defence on the merits of the action of replevin. For the gist of that action, being the right of the Plaintiff to the immediate possession of the property, the plea goes directly to that issue, and shows that.he has not that right.

It will be perceived, too, on looking at the case of *Freeman vs. Howe*, that the plea in that case was interposed as a defence and not as a plea to the jurisdiction; and the matter was upheld as a defence; but when·the Plaintiff sought to evade its force as a defence, by claiming that the Marshal had taken the property of a person other than the Defendant in the writ, it was answered by the Court, that such an evasion could not be allowed, as it would raise a question as to the force and effect of United States Court process, which question

it belonged to the Federal and not the State Courts to determine.

The Marshal, in all these cases, appears by his plea as the representative of the United States Court. It is virtually the United States Court itself which is Defendant, and which claims possession of the property, as having first acquired jurisdiction over it. It would be singular, indeed, for the State Court to decide that it had no jurisdiction to deliver up the property to the United States Court at the same time that it admitted the right of the United States Court to the property, and its right also forcibly to repossess itself of it.

It certainly is the law that the United States Court is entitled to the possession of the property. That is the very point decided in *Freeman vs. Howe.* That, too, is the law of the State Court, for it being a question from the decision of which by a State Court, an appeal lies to the United States Supreme Court, the decision of that Court is binding on the State Court, and is the law of the State Court, and the United States Court may direct what judgment the State Court shall enter. See *Booth's case*, 21 *How.*, 506.

*c.* Again, the very constitution of our government requires this relief to be given, if not as a matter of positive law, at least as a necessary rule of comity.

We have separate and independent jurisdictions acting upon the same persons and things, and within the same territorial limits. See *Booth's case*, *ante.*

*d.* It is apparent, too, from what has already been said, that in adjudging a return, the Court does not, in any manner, adjudge or pass upon the right of property.

It simply adjudges that the Plaintiff has not the right of immediate and exclusive possession, and therefore he shall obtain no advantage from the writ, and the property is returned to the Defendant.

True, the right of property may come in question in an action of replevin, but it is only as evidence of the right of present possession ; and if the right of property is, in fact, litigated, the judgment would be conclusive on that right, but not otherwise. It is not necessarily litigated, and in the large class of cases founded on special property, or in special right

of possession, such as carriers' or mechanics' liens, or the attached jurisdiction of another Court, is not, in fact, litigated, and whenever it is not litigated, it, of course, is not decided or adjudged.   Nor is there any chance of injustice in this view of the case.

When, by the judgment of this Court, the goods are returned to the Marshal, the Plaintiff may then intervene in the United States Courts, and there try the absolute title to the goods.

J. & C. D. GILFILLAN, and JOHN M. GILMAN, Counsel for Appellants.

ALLIS & PECKHAM, Counsel for Respondent.

*By the Court*—ATWATER, J.—The Plaintiff Lewis brought an action of replevin, alleging title and right of possession in the Plaintiff, and a wrongful taking and detention by the Defendant.   The answer denies the allegation as to title and right of possession, and then alleges, that Defendant, being United States Marshal, and having in his hands a writ of attachment from the United States District Court against one Edmund W. Lewis, levied upon the property as the property of said Edmund W., and demands judgment for a return or the value of the property.   There was no reply.

On these pleadings, upon Defendant's motion, the Court ordered judgment for Defendant, for a return of property, or the value thereof, which judgment was entered.   From this judgment Plaintiff appeals.   These facts we understand to be admitted by the parties, as no paper book, or certified record of the case has been furnished to the Court.

The first proposition of the Appellant, is to show that Defendant's right to judgment for a return or the value does not follow of course upon his right to judgment.   That the claim for a return of the property named in *sec.* 10, *Comp. Stats.*, 566, is not a bare demand in the answer, but it must be a demand based upon facts showing the right of possession in Defendants, and before a return can be ordered, the Court must adjudge such facts to be sufficient to entitle Defendant in law to the possession.

This position we think correct. Under the plea of *non cepit* in the former action of replevin, where the title or right of the Plaintiff was not denied, the Defendant was not entitled to a return of the property. That plea in substance disavowed all connection with the property, and made no claim to it, and if the Defendant succeeded upon it, he was entitled to a judgment of costs only. The name and form of the action only, under the Code, is changed, and where the Defendant, denying the wrongful taking or detention, establishes substantially the same facts as would entitle him to a judgment for costs under the plea of *non cepit*, under the former system, the judgment should be the same under the Code. And it is undoubtedly true, that all pleas in justification of the alleged wrongful taking or detention, must show either a better, or at least as good a right to the possession in the Defendant, as in the Plaintiff. And it must therefore follow that the Defendant in this case, cannot have judgment for the return or value of the property, unless the new matter in the answer shows that when the suit was commenced, the Defendant was just as much, or better entitled to the possession than the Plaintiff. The gist of the action is to determine which of the parties is entitled to the immediate possession of the property.

This leads us to inquire whether the new matter set up in the answer, (and which stands admitted for want of a reply,) does entitle the Defendant to a return of this property. Upon this question it is claimed by Respondent, that the decision of the United States Supreme Court, in the case of *Freeman vs. Howe*, 24 *How.*, 450, is conclusive. If the question of the validity and conclusiveness of the new matter here set up as a defence, rested or was to be determined upon general legal principles, and was to be regarded as an open question, I think there are but few jurists who would not unhesitatingly declare, that the facts stated, if admitted, constituted no defence. The proposition that an officer of any court, with a writ against A., may seize the property of B., and by simply alleging that he seized it under such writ, as the property of A., may claim immunity against such illegal seizure, at least in any other court than that which issued the writ, strikes the mind at first blush, as being not only a novel legal principle,

but one conflicting with all our preconceived ideas of right and justice, as well as of the protection to which the citizen is entitled in his rights of person and property. And so we find, that long since that eminent jurist, Chancellor Kent, laid it down as an elementary and fundamental principle, that " if a Marshal of the United States, under an execution in favor of the United States against A., should seize the person or property of B., then the State Courts have jurisdiction to protect the person and the property so illegally invaded." *Kent's Com., vol* 1, *p.* 410. And the doctrine that this new matter must constitute a complete bar to the action, would seem none the more tenable, whether it be based upon the ground of want of jurisdiction in the State Court to entertain the action, or that, having jurisdiction, the plea constitutes, if not denied, a complete and perfect defence to the action.

· Nevertheless, we think the case of *Freeman vs. Howe,* clearly decisive of this question. That case is in every respect entirely analagous to this, and the plea there was in substance exactly the same as is here interposed, and the judgment of the State Court overruling the plea, was in that case held erroneous and reversed. And the case holds, that no novel doctrine was established by the decision in that case, nor was there any departure therein from other rulings of that Court in like cases. However this may in fact be, we cannot think that jurists and courts have generally understood the decisions of that tribunal to have gone to the same extent at least, as in *Freeman vs. Howe.* The remarks of Chancellor Kent, above quoted, and the decision of the Supreme Court of Massachusetts, in the recent case of *Freeman vs. Howe,* and other cases that might be named, confirm this view. This, however, is immaterial to the proper disposition of this case. Whatever doubts may have hitherto been entertained upon the subject, none can now exist, but that the Supreme Court has distinctly decided, in that case, that such a plea as is here interposed, is a bar, or complete defence to the action in the State Court, and that the Plaintiff must resort to the United States Court, to contest his right of property. If we correctly understand the decision, it is based upon the sole ground that " one Court cannot take the property from the custody of the

other by replevin, or any other process ; for this would produce a conflict extremely embarrassing to the administration of justice." Whether this evil may be greater than that of always compelling a party in these cases, to resort to the Court out of which the process issued, upon which his property has been seized, to assert his legal rights, may well be questioned. It is, however, unnecessary and useless to discuss that question here. The Supreme Court of the United States, having the final disposition of this question and this case, it only remains for this Court to apply the law, as stated and held by that Court, to the case at bar.

It is only necessary, therefore, further to consider whether there was any error committed by the Court below, in rendering judgment for the return of the property to the Defendant. The case of *Freeman vs. Howe*, does not directly decide this question, as nothing is said in that case as to the disposition of the property, consequent upon a reversal of the judgment of the State Court, upon this plea. The proper determination of this question, in my judgment, depends upon what ground the United States Supreme Court reversed the decision of the State Court. It is contended by Appellant that it was upon the ground that the State Court had no jurisdiction of the case whatever, that the replevin process was entirely void, and the Plaintiff took nothing by virtue of it, and that the United States Marshal, in delivering or permitting the Sheriff to take this property under that process, did so voluntarily, and cannot claim the aid of this Court in regaining possession of the same. If the premises of Appellant are correct, it would seem that his conclusions must legitimately follow. I cannot see how it can consistently be claim. ed, that the State Court has no jurisdiction in the matter, either of the person or property ; that the process by which the latter was seized was a nullity, and by virtue of which the Plaintiff acquired, and could acquire no rights whatever, and yet, that such Court has the right to render final judgment, disposing of the property to all intents and purposes, as fully and completely as it could do, in a case where it has full power to adjudicate upon the same. I understand that by the lack of jurisdiction is meant the want of power in a court

to determine upon the respective rights of the parties, in regard to the subject matter in dispute. And yet, when the main question at issue in the case is, as to who is entitled to the immediate possesion of the property, it is claimed that the Court may have jurisdiction to decide that issue alone— that is, to decide upon the Defendant's rights, while it cannot examine the right of the Plaintiff. It would seem that the mere statement of such a proposition must show its absurdity, and that it can be sustained neither by reason or authority.

It cannot be denied but that there are expressions and statements in the opinion in *Freeman vs. Howe*, which would lead to the conclusion that the Court in that case reversed the decision of the State Court, upon the ground that that Court had not jurisdiction of the case; but upon a careful examination of the opinion, we cannot think that the Court intended to base its decision upon that ground, but rather upon that of a conflict of jurisdiction or authority between the Courts. And such must have been the understanding of the reporter of the case, as appears from the syllabus of the points decided. In referring to the case of *Taylor et al. vs. Carryl*, 20 *How.*, 583, it is stated that a majority of the Court were of opinion that, according to the course of decision in the case of conflicting authorities under a State and Federal process, and in order to avoid unseemly collision between them, the question as to which authority should for the time prevail, did not depend upon the rights of the respective parties to the property seized, whether the one was paramount to the other, but upon the question which jurisdiction had first attached by the seizure and custody of the property under its process. And that this principle is equally applicable to the case of property attached under *mesne* process, for the purpose of awaiting final judgment, as in the case of property seized in admiralty, and the proceedings *in rem*. Here is not only no denial of the inherent jurisdiction of the State Court to determine the action, but a recognition of it. But it is also held, that as another Court had jurisdiction of the subject matter of the action, and which had first attached, that Court should determine the issues between the parties. And, in-

deed, the State Court in fact, has jurisdiction of both the subject matter and person of the Defendant, both being within' the territorial limits over which the jurisdiction of the Court by law extends, and neither being exempt therefrom, by any special provision of law or otherwise.

The plea is neither in terms or substance one to the jurisdiction of the Court, but going directly to the merits of the action, as alleging facts for the consideration of the Court, and upon which it is to determine who is entitled to the immediate possession of the property, which, as above stated, is the gist of the action. In other words, it alleges facts which, by an arbitrary rule of law, arising out of the peculiar relations which the Federal and State Courts sustain to each other under our system of government, constitute a conclusive defence to the action. By the operation of that rule of law, it shows a better right in the Marshal, as the representative of the United States Court, to the possession of the property for the time being than in the Plaintiff, who must submit the custody of the property to that Court, until his right can be determined therein. We think, therefore, that there was no error in the Court below, in rendering judgment for a return of the property or the value thereof.

There is another consideration which has a bearing upon this question. If it be admitted that the Marshal has the right of possession, under his seizure, then he has the right to resist the seizure by the sheriff, and may forcibly repossess himself of the property at any time. This Court now has possession of the property, and the control thereof, and it would be an anomaly in the law, to concede that another Court has the right of, and is entitled to the possession, and yet refuse to restore the possession. The effect of this course would be practically to deny the right which is conceded in theory, and in nowise tend to diminish that embarrassing conflict in the administration of justice, which it seems to have been the main purpose of the decision to avoid. Conceding, therefore, the correctness, or at least the binding force, of the decision in *Freeman vs. Howe,* we think the judgment in such a case must necessarily be for the return of the property to the Defendant, and have no doubt but that the United States

Supreme Court will so determine, whenever the question shall be directly presented to that tribunal for adjudication. In *Booth's case*, 21 *How.*, 506, will be found a further discussion of the principles herein referred to, and from the reasoning of the Court in that case, as well as those above cited, but little if any doubt can be entertained of the proper judgment to be rendered.

The judgment below must be affirmed.