WILLIAM O'MULCAHY *vs.* HENRY W. HOLLEY and another, Intervenors.

May 16, 1881.

Estoppel—Silence.—A party is not estopped by his silence, when he ought to speak, unless such silence influenced the conduct of the party claiming the estoppel.

Assignment of Note and Mortgage not in Assignor's Possession.— Where a party takes an assignment of a note and mortgage, the fact that they are not in the possession of his assignor is sufficient to put him upon inquiry as to his assignor's title to them, so that, if he makes no such inquiry, he is not a purchaser in good faith, within the meaning of the registry laws, and his assignment, though recorded, does not take precedence of a prior unrecorded assignment of the note and mortgage. A covenant in the assignment, by the assignor, that he has good right and lawful authority to sell and assign the note and mortgage, does not establish the fact that the assignee made inquiry into the assignor's title, nor that, if he did, he was not fully informed of any defect in it.

This action was brought in the district court for Olmsted county, to foreclose a mortgage executed by defendant Knapp to one Eddy, and by the latter assigned to plaintiff. The intervenors filed their complaint, setting up title to the mortgage, and to the note secured thereby, through a prior assignment to themselves. The action was tried by *Mitchell, J.*, who found that the note and mortgage to Eddy were executed and delivered, on September 27, 1856; that on December 15, 1856, Eddy sold, transferred and delivered them, for a valuable consideration, to the intervenors, who ever since have had possession of them; and that, at the same time, Eddy executed to

the intervenors a warranty deed of the mortgaged premises, which was recorded in 1858. On May 18, 1878, Eddy, for a valuable consideration, made an assignment to plaintiff of the same note and mortgage, with a covenant that he had good right and lawful authority to sell the same. In 1876, in reply to a question by plaintiff, the intervenors informed him that they had no interest in the land. In March, 1878, the intervenors, for a nominal consideration, gave plaintiff a quitclaim deed of the premises, and, during the negotiations for this deed, plaintiff informed the intervenors that Eddy had agreed to assign the note and mortgage to him. The intervenors did not at that time assert any claim to the note and mortgage, having entirely forgotten their ownership. Plaintiff also was ignorant of their interest, and the quitclaim deed was given to remove from the title the cloud caused by Eddy's conveyance to the intervenors, who had forgotten that it had any connection with the transfer of the note and mortgage to them.

On these findings, judgment was ordered and entered for the intervenors, and plaintiff appealed.

*H. C. Butler* and *Geo. N. Baxter*, for appellant.

*Jones & Gove*, for respondents.

GILFILLAN, C. J.* The facts found by the court below—and there is no complaint made here of the findings of fact—do not sustain plaintiff's claim that the intervenors Holley and Brown are estopped from asserting their title to the note and mortgage which are the subject of plaintiff's action; for although they were silent as to their ownership, when, perhaps, they ought to have given plaintiff notice of it, yet it is not found that such silence influenced in any manner his conduct, nor that, in consequence of it, he did anything that he would have refrained from doing, had he known of their title.

Plaintiff is not entitled to the protection of the registry laws. He took the assignment of the note and mortgage after the mortgagee, his assignor, had transferred and delivered them to Holley and Brown. The fact that his assignor had not possession of the note and mort-

*Cornell, J., because of illness, and Mitchell, J., because of having tried the case below, took no part in this decision.

gage which he assumed to assign, was sufficient to put the plaintiff upon inquiry as to the defect in the assignor's title. It does not appear that he made any inquiry. Plaintiff was not, therefore, a subsequent purchaser in good faith, within the meaning of the registry law.

The assignor's covenant in the assignment, that he had good right and lawful authority to sell and assign the note and mortgage, does not establish the fact that plaintiff made any inquiry into the assignor's title; nor, if he made such inquiry, that he was not fully informed of the defect in it.

Judgment affirmed.

BERRY, J. I agree to the general conclusions arrived at in this case, but not to the particular ground upon which the question of estoppel is disposed of.

NOTE. A motion for reargument of this case was denied May 30, 1881.—[RE-PORTER.