PETER REDIN vs. H. S. BRANHAN, impleaded, etc.

### May 16, 1890.

**Action to Cancel—Mortgage—Parties—Cestui Que Trust.**—The *cestui que trust* is not a necessary party to an action by a third person to reach the trust property.

**Same—Assignor of Mortgage.**—The assignor of a mortgage who covenants that it is unpaid is not a necessary party to an action against the assignee to have the mortgage adjudged to have been paid prior to the assignment.

**Same—Assignment of Mortgage Paid but not Satisfied of Record.**—The assignee of a paid mortgage of real estate takes it subject to the defence that it has been paid, although it is not satisfied of record.

**Same—Action by Purchaser at Foreclosure Sale.**—A second mortgagee, though he has foreclosed under the power of sale, he having become the purchaser, may, notwithstanding the time to redeem has not expired, bring an action to have a prior mortgage adjudged paid.

Appeal by defendant Branhan (impleaded with August Sallberg and wife) from a judgment of the district court for Meeker county, where the action was tried by *C. L. Brown, J.*, acting for the judge of the 12th district.

*Kueffner & Fauntleroy,* for appellant.

*U. L. Lamprey* and *P. W. Locke,* for respondent.

GILFILLAN, C. J. So far as necessary to the decision of this case, the facts are, in brief, these: March 19, 1884, the defendant August Sallberg and one Lichtenauer were the owners of certain real estate, and executed a mortgage thereon to Gustav Willius to secure

the sum of $6,000, according to the terms of certain promissory notes, which mortgage was duly recorded. Lichtenauer then conveyed his interest in the real estate to Sallberg. After the recording of that mortgage and that conveyance, and on March 3, 1885, Sallberg executed a mortgage on a part of the real estate to plaintiff to secure the sum of $4,000, which mortgage was duly recorded. May 27, 1887, Willius assigned his mortgage to one Johnson, and June 6, 1887, Johnson assigned to the defendant Branhan; this last assignment containing a covenant that there was $5,000 still owing on the mortgage. Both these assignments were duly recorded. Before the assignment to Johnson the notes which the mortgage to Willius was given to secure were overdue, and they had been fully paid. August 12, 1887, plaintiff foreclosed his mortgage under a power of sale contained in it, and at the sale became the purchaser. After this, Branhan commenced a foreclosure of the Willius mortgage under a power of sale contained in it. These facts are alleged in the complaint, and found by the court below upon a trial. The action is to enjoin defendant's foreclosure proceedings, and have the Willius mortgage adjudged paid and satisfied.

The defendant Branhan at first demurred to the complaint on the grounds that it does not state facts sufficient to constitute a cause of action, and that there is a defect of parties defendant, in that Johnson and the National German-American Bank should have been joined as defendants. The demurrer was overruled, and Branhan answered. Passing the point made by respondent, that, by answering, the appellant waived his right to complain of the decision on his demurrer, we do not see any basis for the suggestion that either the bank or Johnson ought to have been made a party defendant. As to the bank, it appears, both by the complaint and the findings of fact, that the notes and mortgage were executed to Willius to secure an indebtedness due to the bank, and also an indebtedness due to another firm, and when collected Willius was to pay the amount collected upon such indebtedness. The most that can be claimed upon this is that Willius was trustee for the bank and the other firm, and that first Johnson, and then Branhan, upon receiving an assignment of the notes and mortgage, became trustee. The *cestui que trust* may

be a proper, but he is not a necessary, party to an action by a third person against the trustee to reach the trust property, or to set aside or cancel the trust-deed. *Winslow* v. *Minn. & Pacific R. Co.*, 4 Minn. 230, (313.) The bank was therefore not a necessary party. The only claim that Johnson was a necessary party must be based on the fact that in his assignment to Branhan he covenanted that there was a certain amount due on the notes and mortgage. But after he had assigned the notes and mortgage.he was no party to them; he had no interest, legal or equitable, in them; he could not be bound by the judgment, unless he should be required by Branhan, under the covenant, to defend the action; and in that case he might defend in the name of Branhan, without being a party to the record. His case is not materially different from that of a grantor of real estate who warrants the title. He would not be a necessary party to an action by a third person against his grantee to recover the property.

The point is made by appellant that, although the notes and mortgage had been paid, the latter, not being satisfied of record, is good as to Branhan, a purchaser for value and without notice. How he could be a *bona fide* purchaser after the notes, by their terms, were past due, it is hard to see. But conceding that he might be, the point is fully covered by the decision in *Johnson* v. *Carpenter*, 7 Minn. 120, (176,) followed in *Hostetter* v. *Alexander*, 22 Minn. 559, in which it was held that a mortgage is "a mere chose in action as between the mortgagor and any subsequent assignee, and is taken subject to the state of accounts between the mortgagor and mortgagee at the time of the assignment." As between the mortgagor and an assignee of the mortgage, the record of the assignment does not affect the rights of the former as they existed between him and the mortgagee at the date of the assignment; and it was decided in those cases that this was so, even where the assignee took as indorsee the notes secured by the mortgage, free from all equities between the maker and payee. The decisions in *Palmer* v. *Bates*, 22 Minn. 532, and *Merchant* v. *Woods*, 27 Minn. 396, (7 N. W. Rep. 826,) were based on the proposition that where a mortgagor has given to the mortgagee a power of sale in the mortgage, and permits him to exercise it, although the mortgage has been paid or released, of which he gives no notice by

the record or otherwise, and at the foreclosure an innocent person purchases, the mortgagor, and not the purchaser, must bear the consequences. The cases were not essentially different from one where a person has placed on record a power to another to convey his real estate, and afterwards executed a revocation which he does not put on record, and in ignorance of which an innocent person takes a conveyance executed by the attorney. In this case, had the Willius mortgage been foreclosed under the power, and an innocent person purchased, the case would be like those. The purchaser would not be the purchaser of a mere chose in action, as an assignee of the mortgage is, but a purchaser of land under the power. Those decisions were consistent with *Johnson* v. *Carpenter* and *Hostetter* v. *Alexander*. The assignees of this mortgage took it subject to the defence that it had been paid.

The doctrine was at one time that no one could maintain an action to clear a cloud upon the title to real estate but the owner of the legal title in possession, and this rule is laid down in *Frost* v. *Spitley*, 121 U. S. 552, (7 Sup. Ct. Rep. 1129.) But the weight of modern authorities is that possession is not necessary. This court so held in *Donnelly* v. *Simonton*, 7 Minn. 110, (167.) Appellant claims that this is strictly an action to remove a cloud, and that such an action can be maintained only by the legal owner. We will not say there may not be actions of that character which only one having the legal title can bring. But the proposition stated as a general rule applicable to all actions in the nature of bills *quia timet*, whether their object be to cancel instruments which are void or become *functus officio*, or to clear off a cloud created in any other way, is not only not sustainable upon authority, but is not supported by the reason which lies at the basis of such actions. That reason is that the party has no adequate remedy at law, and that to require him to await the action of the party claiming under the instrument or other matter constituting a cloud, until perhaps his evidence and ability to defend against it is lost by lapse of time, would, in many cases, be to deny him any remedy. The reason is as forcible in the case of one having only an equitable estate, or merely a lien, as in that of the legal owner. It has been held that the action may be maintained by a mortgagee in possession,

*(Polk* v. *Reynolds,* 31 Md. 106;) by a mortgagee under a mortgage with a power of sale, *(Wofford* v. *Board of Police,* 44 Miss. 579;) by a grantor who has conveyed with covenants of title,—*Ely* v. *Wilcox,* 26 Wis. 91; *Chamblin* v. *Slichter,* 12 Minn. 181, (276.) And in *Churchill* v. *Proctor,* 31 Minn. 129, (16 N. W. Rep. 694,) we held that the mortgagee of a leasehold estate in bringing his action to foreclose might have relief against a fraudulent attempt of his mortgagor and the lessor to forfeit the leasehold interest. It could hardly be claimed that he could seek such relief, not in an independent action, but only when he brought his action to foreclose. Actions by judgment creditors to avoid fraudulent conveyances are familiar instances. So one who has purchased land for a valuable consideration, but the conveyance to whom is void for failure in some statutory requirement, may bring suit to clear off a cloud created by his grantor conveying to another, *(Doe* v. *Doe,* 37 N. H. 268;) so may one who has an equitable title by a contract to convey to him. *Kimberly* v. *Fox,* 27 Conn. 307. If in any case any one but the legal owner may maintain the action, this plaintiff ought to maintain it, and not be compelled to wait until the Willius mortgage has been foreclosed, and the rights of others, perhaps innocent purchasers, have become involved.

Judgment affirmed.