WILLIAM HENDRICKS and Another v. ETKA HESS and Others.[1]

October 14, 1910.

Nos. 16,722—(65).

**Registration of title derived from tax sale.**

   A judgment adjudicating the validity of a tax title, rendered in an action against the holder of the legal title of the property, is a sufficient compliance with section 3373, R. L. 1905, which provides that no land, title to which is derived from a tax sale, shall be registered under the Torrens act until the title so acquired has been adjudicated valid by a court of competent jurisdiction, even though the judgment does not conclude all persons claiming an interest in the property.

**Same — who may contest validity of judgment.**

   All persons not concluded by the judgment may contest the validity of the tax title in the registration proceedings, and present and have determined therein their claims of title adverse to the applicant.

**Mortgage debt.**

   A mortgage is a mere incident of the debt secured thereby, and the payment of the debt extinguishes the mortgage.

**Assignment after payment.**

   An assignee of a mortgage takes it subject to the defense that the debt secured has been paid, even though not discharged of record.

Application to the district court for Hennepin county by William Hendricks and Edith M. Hall to register title to certain land under the Torrens act. The examiner of titles recommended that the Central Real Estate Company and certain lien claimants be made parties. The case was tried before Holt, J., who made findings of fact substantially as stated in the opinion, and as conclusion of law found that applicants were the owners in fee simple as tenants in common of the premises described in the complaint, subject to cer-

[1]Reported in 127 N. W. 995.

tain rights and a mortgage lien as stated. From the judgment entered pursuant to the findings, defendant appealed. Affirmed.

*James E. O'Brien,* for appellant.

*Savage & Purdy,* for respondent.

BROWN, J.

Appeal from a judgment, in proceedings under the Torrens system of land transfers, confirming and registering respondents' title to certain real property. The facts essential to an understanding of the questions presented are as follows:

One George F. Dean, being the owner of the property, on December 22, 1896, mortgaged the same to Frances J. Pray, Daniel Bassett, and William Mealey, executors of the last will and testament of Samuel F. Pray, deceased, to secure the payment of an indebtedness then due the estate, or to the executors in their representative capacity. Prior to the execution of this mortgage, in May, 1895, the property, in the due course of tax proceedings, was sold for taxes for the year 1893 to the Minneapolis Trust Company, the certificate of which was subsequently assigned to the Minnesota Debenture Company. A notice of expiration of the time of redemption was thereafter duly given, and the same, with proof of service thereof, filed with the county auditor on July 18, 1898. No redemption was ever made, and in November, 1898, the Debenture Company brought an action in the district court of Hennepin county, wherein the property is located, against Dean, the holder of the legal title, and Pray, Bassett, and Mealey, as executors of the last will of Pray, deceased, and all other unknown persons claiming any interest in the property, to determine adverse claims thereto. The summons was duly served on all the persons named as defendants. No appearance was made by either of them, and on February 4, 1899, judgment was duly rendered and entered, adjudging and decreeing that plaintiff therein, the Debenture Company, was the owner of the property, and that neither of the defendants had any title, interest, or claim in or to the same.

Prior to the commencement of that action the probate court made its final decree in the matter of the estate of Samuel F. Pray, de-

ceased, by which, among other things, the Dean mortgage, together with the promissory note thereby secured, was assigned and set over to the executors as "trustees," and they thereafter held the same as such, and not as executors. After the rendition of the judgment confirming title to the property in the Debenture Company, Bassett, one of the trustees to whom the mortgage was assigned by the probate court, resigned, and Pray and Mealey, the remaining trustees, entered into an agreement with Dean, the mortgagor, by which the indebtedness secured by the mortgage was compromised, settled, and discharged, and the promissory note evidencing the same surrendered to Dean. The mortgage was not, however, discharged of record.

In July, 1906, four years after the payment of the mortgage indebtedness as just mentioned, Pray and Mealey assigned the mortgage, still remaining unsatisfied of record, to the Central Real Estate Company, appellant herein. Respondents, having succeeded to the title of the Debenture Company, brought this proceeding to register their title, in which the Central Real Estate Company, appellant, appeared and interposed a claim of lien, based upon the assignment of the Dean mortgage.

The trial court held, among other things, that appellant, by virtue of its assignment of the mortgage, the debt secured thereby having been paid, had no interest in or lien upon the property, and title thereto was decreed in respondents. The facts stated are disclosed by the findings of the trial court and are in no way challenged by appellant.

The sole contention in this court is that the conclusions of law are not justified by the facts found, in support of which appellant makes two points: (1) That the judgment in the Debenture action did not conclude or in any way affect the rights of defendants Pray, Bassett, and Mealey as "trustees," the action having been brought against them as "executors," and consequently appellant, their successor, is not bound thereby; and (2) that no judgment has been rendered adjudging valid the tax title of the Debenture Company, as required by section 3373, R. L. 1905, which title is the basis of respondents' claim for registration, and that therefore the court

below erred in granting the relief demanded by them. These contentions are not well founded.

1. It may be conceded, for the purposes of the case, without stopping to consider the question, that the judgment against the executors did not conclude or affect their rights as trustees. But from this it does not necessarily follow that respondents are not entitled to a registration of their title. If the trustees were not bound by the judgment, appellant, as their successor in interest, was left free to contest the validity of the tax title in this proceeding, and to present and have determined therein any adverse claims to the property possessed by it. Reed v. Siddall, 94 Minn. 216, 102 N. W. 453. Nothing further than this can well be claimed from the fact that the judgment did not bind all parties having or claiming to have some interest in the property. If the trustees were bound by the judgment, then appellant, their successor, would also be bound, and would have no standing whatever in this proceeding. The judgment would be final. But conceding, as we do, that they were not concluded, appellant had the right to proceed as just indicated.

No attempt was made on the trial below to attack the validity of the tax title, and it must be assumed to have been valid, since it was so declared in the Debenture action, and no evidence was presented to the contrary in the proceeding. Appellant did present a claim of lien against the property under the assignment of the Dean mortgage; but, as will presently be shown, this was rightly rejected by the court as without validity.

2. The judgment in the action brought by the Debenture Company to determine adverse claims, being the foundation of respondent's claim of title, was in fact an adjudication of the validity of the tax title. The action was brought against the holder of the legal title of the property and others, and the judgment was in effect an adjudication that the tax title was in all respects valid. This was a sufficient compliance with section 3373, R. L. 1905. The statute does not contemplate an adjudication of validity as against all possible claimants to the property. If such were the purpose of the statute, then registration proceedings following the judgment, a judgment concluding the rights of all possible claimants, would be a use-

less proceeding and a vain effort. Such a judgment would serve every purpose of a decree in registration proceedings and render futile further efforts to clear the title. The statute should not be so broadly construed. And whether a judgment confirming the validity of a tax title, rendered in an action against a stranger to the property or one remotely interested therein, would or would not meet the intent of the statute, we are clear that a judgment against the holder of the legal title answers every purpose of its enactment.

3. Appellant presented in this proceeding, as it had the right to do, the assignment of the Dean mortgage, and urged that it constituted a valid existing lien against the property. The court held otherwise. In this we discover no error.

It appeared from the evidence, and the court so found, that, some four years before the assignment was made to appellant, the mortgage debt had been paid, and the evidence thereof, a promissory note, surrendered to the mortgagor. This completely extinguished the mortgage, for it was a mere incident of the debt. Johnson v. Carpenter, 7 Minn. 120 (176).

The fact that, though paid, the mortgage was not satisfied of record, does not change the situation; for it is well settled that an assignee of a mortgage takes it subject to the defense that it has been paid, even though not discharged of record. Redin v. Branhan, 43 Minn. 283, 45 N. W. 445; Watkins v. Goessler, 65 Minn. 118, 67 N. W. 796; Paulsen v. Koon, 85 Minn. 240, 88 N. W. 760; 27 Cyc. 1395, and cases there cited. Nor was appellant a bona fide purchaser of the mortgage. The note secured thereby was not delivered to it, and so far as the record discloses no inquiry concerning it was made at the time of the assignment. O'Mulcahy v. Holley, 28 Minn. 31, 8 N. W. 906.

Judgment affirmed.