## ELIAS S. PALMER *vs.* HOWARD W. BATES & another.

### April 11, 1876.

Unrecorded Release of Part of Mortgaged Premises—Bona fide Purchaser at Foreclosure Sale.—On July 2, 1867, plaintiff, being owner in fee of a 160-acre tract of land, mortgaged the same to W. to secure three promissory notes. W. assigned the notes and mortgage to Birge. On January 22, 1869, Birge executed and delivered to plaintiff a sealed instrument, releasing one forty of the 160 from the operation of the mortgage. April 15, 1869, Birge assigned the mortgage and two notes (the other note having been paid and taken up) to Bates. Bates foreclosed by advertisement, and, at the foreclosure sale on January 17, 1870, the whole 160 was sold to the defendant Keyes, who on the same day received a certificate of sale, which, together with an affidavit of publication and sale, was duly recorded. The release was not recorded until September 9, 1871. The defendant Keyes had no actual notice of the release until long after her purchase, nor until after she had paid for the land purchased. At the date of the foreclosure sale the plaintiff was in possession of the entire 160. *Held*, 1. That the release, as an instrument by which the title to real estate might be affected in law or equity, was, under Gen. St. ch. 40, § 26, "a conveyance," within the meaning of § 21 of that chapter, which declares that every conveyance of real estate, not recorded in the office of the proper register of deeds, shall be void as against any purchaser in good faith, and for a valuable consideration, of the same real estate whose conveyance is first duly recorded.

Same—Possession of Mortgagor not Notice of Release —2. That, notwithstanding the plaintiff's possession of the released forty at the time of the foreclosure sale, the defendant Keyes was a purchaser in good faith, and that, therefore, as to her, the release was void.

Complaint under the statute to determine the adverse claim of defendants to real estate in Olmsted county, in possession of plaintiff. Answer, denying plaintiff's title, alleging title in defendant Angeline E. Keyes, and praying that her title be confirmed. Trial before O. B. Gould, Esq., as referee, upon whose report judgment was entered for defendant Keyes, from which plaintiff appeals.

*Lloyd Barber* and *E. Hill*, for appellant.

*Keyes & Snow*, for respondent.

BERRY, J. In this case the material facts, as found by the referee, are these: On July 2, 1867, plaintiff was owner in fee of 160 acres of land, including the forty-acre tract to which this action relates. On the same day he executed and delivered to Whitman a mortgage upon said land, to secure his three promissory notes running to Whitman, and due, respectively, November 1, 1868, November 1, 1869, and November 1, 1870. Whitman assigned the notes and mortgage to Birge. In November, 1868, plaintiff paid Birge the note first due, and took up the same. On January 22, 1869, Birge executed and delivered to plaintiff a sealed instrument, releasing the forty-acre tract from the operation of the mortgage. By a sealed instrument dated April 15, 1869, and recorded May 6, 1869, Birge assigned the mortgage and the two unpaid notes to Bates. It is found (though it is not, perhaps, important in the view which we take of this case) that Bates, before he took the assignment, had actual notice of the release of the forty-acre tract. Bates foreclosed by advertisement, and at the foreclosure sale, which took place on January 17, 1870, the whole of the land mortgaged, including the released forty, was sold to defendant Angeline E. Keyes. On the same day a proper certificate of sale was executed and delivered to her, and, together with an affidavit of publication and sale, duly recorded. The release was not recorded until September 9, 1871. She had no actual notice of the release until long

after her purchase, nor until after she had paid for the land purchased.

At the date of the foreclosure sale the plaintiff was in possession of the whole of the lands mortgaged. There has been no redemption from the foreclosure sale.

The referee finds as a conclusion of law that defendant Keyes, since January 17, 1871, (when the redemption year expired,) has been, and now is, owner in fee, and entitled to the possession of the released forty-acre tract.

The release was an instrument by which the title to the real estate released might be "affected in law or equity." It was, therefore, under Gen. St. ch. 40, § 26, a "conveyance," as that term is used in § 21 of that chapter, which declares that every conveyance of real estate, not recorded in the office of the proper register of deeds, shall be void as against any purchaser in good faith, and for a valuable consideration, of the same real estate whose conveyance is first duly recorded. The release in this case was, therefore, void as against the defendant if she was a purchaser in good faith. She was not a purchaser in good faith if she purchased with notice, either actual or constructive, of the plaintiff's rights under the release.

In *Groff* v. *Ramsey*, 19 Minn. 44, this court, reaffirming the doctrine before laid down in *Morrison* v. *March*, 4 Minn. 422, held that "when a purchaser buys land * * * when it is in the actual possession of one other than the vendor, he is required to communicate with such tenant or occupant, and find out the particulars of his claim and interest," and, in effect, that the possession of such occupant is notice of his rights in the premises, as against a purchaser who has purchased without exercising due diligence by making enquiry of the occupant as to the nature of his claim and interest.

The present case discloses no communication between the defendant Keyes and the plaintiff, who was in possession of

the forty-acre tract at the date of the foreclosure sale. If, then, the general rule enunciated in *Groff* v. *Ramsey* were applied to this case, the defendant would not be a purchaser in good faith, and the release of the forty acres would be good against her. But a party should not be permitted to invoke a general rule of this kind for the purpose of averting the direct consequences of his own laches, and it is the application of this consideration to the facts of this case which, in our opinion, takes it out of the general rule as to the effect of possession. The plaintiff had executed a mortgage upon 160 acres of land, including the forty-acre tract in question. The mortgage contained an express power to sell the entire 160 acres by foreclosure. In other words, the mortgage *upon its face*, and the record of the same *upon the records of title*, clothed the mortgagee or his assigns with authority to sell the entire quantity of land mortgaged, including the forty-acre tract in dispute. At the time of the foreclosure sale the power was a *subsisting* power, even as between the mortgagor and the party who executed the release, for the mortgage debt was not paid, nor had anything taken place to affect the lien of the mortgage upon the 120 acres not embraced in the release.

The case does not, then, present any question as to what would be the rights (if any) of a purchaser at a sale upon a paid-up mortgage. At the time of the sale the mortgagor, as respected a third party purchasing at the sale, occupied a position strictly analogous to that of a principal who has clothed a person with all the *indicia* of authority to act for him as his agent, and who has subsequently withdrawn a portion of the authority originally conferred without withdrawing the *indicia* in any degree. Under such circumstances the principal would clearly be bound to a *bona fide* party by any act of the agent within the scope of his original authority. This is upon the principle that, when one of two persons must suffer by the act of a third, he who has enabled the third to commit the act must bear the

consequences of any want of care, or of any laches, upon his part in so doing.

The mortgagor in the case at bar clothed the mortgagee and his assigns with authority to sell the entire 160 acres, and thus enabled him to sell the forty-acre tract in dispute. When, as between the mortgagor and the holder of the mortgage, the authority conferred was reduced by the release of the forty acres, the mortgagor could not with impunity fold his hands and suffer the sale of the entire mortgaged premises to proceed under the original, and apparently still existing, power. He should have recorded his release, or in some other way given seasonable notice that a portion of the premises was no longer subject to the lien of the mortgage. To do otherwise was to be guilty of a want of care and of laches, as respected a purchaser hav ing no actual notice of the release. Of this laches and want of care the mortgagor must bear the consequences by losing the benefit of his release as respects such purchaser.

The mortgagor's *possession* of the forty did not relieve him from the charge of laches and want of care, because that possession was entirely consistent with the continued existence of a power to sell, according to the terms of the mortgage.

Applying these views to the case, it follows that the foreclosure sale to defendant was entirely valid, and that under the same she acquired a good title to the forty-acre tract in question, unaffected in any degree by the release.

Judgment affirmed.

GILFILLAN, C. J., *concurring*. Without assenting to, or dissenting from, the reasoning upon which the court bases its decision of the case, I concur in the judgment upon the ground that possession of real estate is notice of only such title, estate, or rights as would justify the possessor in the possession, and is not notice of any claims with respect to the real estate which would not protect the possession. The party is presumed to be rightfully in possession, and

this possession is evidence that he has a right to the possession ; but it would not be evidence of any lien, by mortgage or otherwise, or of any other claim not affecting the right of possession, and I do not think it is notice of any class of rights of which it would not be evidence.

The release of the forty acres from the mortgage would not, at the time of the foreclosure, affect the mortgagor's right to the possession, and was not evidence, and therefore not notice, of the class of rights in which the release then stood.