CARLETON COLLEGE *vs.* JAMES McNAUGHTON, impleaded, etc.

October 10, 1879.

**Mortgage—Foreclosure—Purchaser charged with Notice of Title of Occupant.**
On May 18, 1867, E., being owner in fee of 120 acres of land, sold a forty-
acre piece of the same to C., who paid $50 down, and for the remainder
of the purchase price gave his promissory notes. E., at the same time,
executed and delivered to C. a bond, conditioned for the execution and
delivery of a deed of the forty to C., upon payment of the notes. There-
upon C. and his wife entered into possession of the forty, and have ever
since continued to reside thereon as their homestead, claiming the same
under said purchase, and they made considerable payments towards the
principal and interest of the notes. On June 26, 1871, E. mortgaged the
120 acres to the plaintiff, and the mortgage was duly recorded. On
October 28, 1872, C. entered into an agreement with the plaintiff and
E. to pay, or secure to be paid, to plaintiff, the remainder of the pur_
chase price of the forty, in consideration of which E. was to execute
and deliver to him the deed called for by the bond, and the plaintiff was
to release the forty acres from the mortgage. In pursuance of this
agreement, E., on said 28th day of October, executed and delivered a
warranty deed of the forty to C., and C. and wife executed and delivered
to plaintiff a mortgage upon the forty, and on the next day both deed
and mortgage were duly recorded. The plaintiff has executed no release
of the forty from the first mortgage. Default having been made in the
payment of the first mortgage, it was foreclosed by advertisement, and
all the lands covered by it, to wit, the entire 120 acres, bid off and pur-
chased at the foreclosure sale, August 12, 1875, by the plaintiff, and a
sheriff's certificate duly executed and recorded. Shortly before the
expiration of the period of redemption, the plaintiff, for value, assigned
the certificate to McN., and the assignment was duly recorded. At the
time of taking and paying for the assignment, McN. was in fact igno-
rant of C.'s rights in and to the forty-acre tract. *Morrison* v. *March,* 4
Minn. 325 (422;) *Groff* v. *Ramsey,* 19 Minn. 44; *Palmer* v. *Bates,* 22
Minn. 532,'followed as to the rule that the possession of the occupant of
real estate is notice of his rights in and to the same as against one who
purchases without exercising due diligence by making inquiry of the
occupant as to the nature of his claim and interest. In this case it does
not appear that McN. made any such inquiry. *Held*—

1. That C.'s possession was notice to McN. of his (C.'s) rights in and to
the forty-acre tract.

2. That McN. acquired no right, title or interest in or to the same, by
his purchase of the certificate of foreclosure sale.

3. That C. is owner of the forty, subject to his mortgage to plaintiff, and that, default having occurred, plaintiff is entitled to foreclose the same.

Appeal by the defendant James McNaughton, from a judgment of the district court for Rice county, *Lord*, J., presiding, in an action brought against the appellant and James Curren. The case is stated in the opinion.

*Geo. N. Baxter*, for appellant.

The assignment of the certificate was a "conveyance," and McNaughton a purchaser, within the meaning of Gen. St. *c.* 40, §§ 25, 26, whether the instrument be considered as a mere assignment of the mortgage or a deed of the land. And as he was a purchaser in good faith and for value, the release to Curren was void as against him, as it would have been if actually executed and delivered, but not recorded. *Palmer* v. *Bates*, 22 Minn. 532; *Johnson* v. *Carpenter*, 7 Minn. 120 (176;) *Morrison* v. *Mendenhall*, 18 Minn. 232. And see *Giteau* v. *Wisely*, 47 Ill. 443; and *Stephens* v. *Irwin*, 76 Ill. 604.

McNaughton, at the time of his purchase, was guilty of neither negligence nor fraud, (Jones on Mort. 592–604,) while Curren was guilty of laches in not procuring and recording his release. *Palmer* v. *Bates*, 22 Minn. 532.

Respondents rely on Curren's possession at the date of the assignment as notice to McNaughton of his rights. But such possession was referable to the recorded deed from Ellingsen to him, and was not notice of any right, title or claim beyond what he held under such deed. Wade on Notice, 296, *et seq.*; *Palmer* v. *Bates*, 22 Minn. 532; *Great Falls Company* v. *Worster*, 15 N. H. 412; *Smith* v. *Yule*, 31 Cal. 180; *Rogers* v. *Hussey*, 36 Iowa, 664; *Woods* v. *Farmer*, 7 Watts. 382; *Scott* v. *Gallagher*, 14 Serg. & R. 333; *Campbell* v. *Brackenridge*, 8 Blackf. 471; *Plumer* v. *Robertson*, 6 Serg. & R. 179; *Truesdale* v. *Ford*, 37 Ill. 210.

The rule that possession is constructive notice is subject to many limitations and exceptions. *Palmer* v. *Bates*, 22 Minn.

532; *Colby* v. *Keniston*, 4 N. H. 262; *Patten* v. *Moore*, 32 N. H. 382; Jones on Mort. 472; and to apply the general rule to cases like this would frustrate the policy of the registry acts. To require a purchaser from the holder of the record title to inquire as to the rights of tenants in possession is as far as any of the cases have gone, and quite far enough. And even in such cases, if the records disclose some title in the tenant, justifying possession, the purchaser may attribute such possession to the title of record, and desist from further inquiry. 3 Wash. Real Prop. 371.

Even if the college held the Ellingsen mortgage affected with notice of Curren's rights under his bond, by his possession of the premises, still, when the college "conveyed" to McNaughton, Curren's possession was apparently and really under his deed from Ellingsen, which appeared of record to be subject to the mortgage, and McNaughton might rightfully attribute his possession to such deed. The original notice to the college did not affect McNaughton at that time, because, at the date of the assignment, Curren had no rights under his bond. That had become *functus officio*, and he held under his deed, in fact, and as appeared by the record. McNaughton could not *then* be affected with any notice of any rights but those *then* possessed by Curren, and as to these he could rely on the record. McNaughton being a purchaser in good faith, if by one rule of law he is charged with constructive notice of Curren's rights from his possession, by another equally well-settled rule, he might refer such rights to his recorded deed.

But, aside from the provisions and policy of the registry laws, Curren ought not now to be allowed to assert this latent equity to McNaughton's prejudice, for he stood by while the foreclosure was had, and allowed the whole tract to be advertised and sold without objection. He ought then to have procured his release and put it on record; or if he could not do that, he should have in some way arrested the proceedings until his rights were protected. *Bidwell* v. *Whitney*, 4 Minn. 45 (76;) *Bennett* v. *Healey*, 6 Minn, 158 (240;) *Warner* v. *Blake-*

*man*, 36 Barb. 501; *Jackson* v. *Bowen*, 7 Cow. 13; *Jackson* v. *Dominick*, 14 John. 435. Nor should the college have any advantage of this release as against McNaughton, after advertising and selling the whole tract, and assigning to him the certificate of sale, thus tacitly representing to him that it had a right so to do, and that the mortgage was a lien on all the land described in it, on which representations McNaughton has so acted that he will be damaged if the college is permitted to deny their truth. *Pence* v. *Arbuckle*, 22 Minn. 417; Bigelow on Estoppel, 434. By failing seasonably to assert his rights, Curren put it into the power of the college to make a fraudulent sale of the forty-acre tract to McNaughton, and should suffer by the fraud which he thus enabled the college to commit. *Cochran* v. *Stewart*, 21 Minn. 435.

*Perkins & Whipple*, for Carleton College, respondent.

*Batchelder & Buckham*, for Curren, respondent.

BERRY, J. On May 18, 1867, Hebron Ellingsen, being owner of 120 acres of land in Rice county, sold a forty-acre piece of the same to John Curren, who paid fifty dollars down, and for the remainder of the purchase price gave his promissory notes for $300. Ellingsen at the same time executed and delivered to Curren a bond, conditioned for the execution and delivery of a deed of the forty, upon payment of the notes. Thereupon Curren and his wife entered into possession of the forty, and they "have ever since continued to reside thereon as their homestead, claiming the same under said purchase," and they have paid a considerable sum of money as the interest and a portion of the principal of said notes. On June 26, 1871, Ellingsen mortgaged the 120 acres of land to the plaintiff, and the mortgage was duly recorded. On October 28, 1872, Curren entered into an agreement with the plaintiff and Ellingsen to pay or secure to be paid to the plaintiff the remainder of the purchase price of the forty, under his purchase from Ellingsen, amounting to about $250, on condition that Ellingsen would execute and deliver to him the deed called for by the bond, and on the

further condition that the plaintiff would release and discharge the forty-acre tract from the mortgage. Ellingsen, accordingly, on said October 28th, executed and delivered a warranty deed of the forty to Curren, and on the next day the same was duly recorded. On the same 28th day of October, Curren and wife executed and delivered to the plaintiff a mortgage upon the forty to secure the sum of $400 and interest, and on the next day the mortgage was duly recorded. No release or discharge of the forty from the Ellingsen mortgage has been executed by the plaintiff. Default having been made in the payment of the Ellingsen mortgage, it was foreclosed by advertisement, and all the lands described therein, to wit, 120 acres, including Curren's forty, were bid off and purchased at the foreclosure sale, on August 12, 1875, by the plaintiff, and a sheriff's certificate duly executed and recorded. Shortly before the expiration of the period of redemption from the foreclosure sale, the plaintiff sold and assigned to the defendant McNaughton all its right, title and interest in the certificate, and in and to the lands therein described, and on August 28, 1876, the assignment was duly recorded.

At the time of taking and paying for the assignment, McNaughton was ignorant of the agreement between Curren and the plaintiff as to the discharge of the forty from the Ellingsen mortgage, and he was also ignorant of Curren's purchase and occupancy of the forty, and of the execution and record of the deed from Ellingsen to Curren, and of the existence of the Curren mortgage, except so far as he was in law affected with notice and chargeable with knowledge on account of Curren's possession, and the record of the deed and mortgage. The court below further finds that in the assignment to McNaughton there was no intention on the part of the plaintiff to transfer any interest in the Curren mortgage.

The present action is brought to foreclose the Curren mortgage, and the plaintiff also prays that Curren may be adjudged to be the owner of the forty, subject to the lien of

said mortgage, and that McNaughton be adjudged to have no estate or interest therein.

As conclusions of law, the court below finds—*First*, that Curren's possession of the forty-acre tract, at the time Mc-Naughton took the assignment, "affected McNaughton with full knowledge of all Curren's rights thereto, and of the plaintiff's claim therein by virtue of the Curren mortgage;" *second,* that McNaughton has no right, title or interest in or to the forty, but that Curren is owner thereof, subject to plaintiff's rights under the Curren mortgage; *third,* that plaintiff is entitled to a foreclosure of said mortgage, as prayed for in the complaint.

According to the records of title, the Ellingsen mortgage was a valid lien upon the entire 120 acres, including the Curren forty, and therefore the foreclosure sale a valid sale of the entire 120 acres. As McNaughton purchased the right of the plaintiff in the certificate of sale and the land sold, he, according to the records, acquired a good title to the 120 acres when the redemption expired. His title, being a good record title, was a perfect title if he was a purchaser in good faith. As he had no actual notice of Curren's rights, he was a purchaser in good faith, unless Curren's possession of the forty was in law notice to him of Curren's rights. Curren's possession was certainly sufficient in character to operate as notice. It is found by the court to have been a possession evidenced by the residence of Curren and his wife upon the forty as a homestead. The general rule established by a series of decisions in this state is that the possession of the occupant of real estate is notice of his rights in the premises, as against one who has purchased without exercising due diligence by making inquiry of the occupant as to the nature of his claim and interest. *Morrison* v. *March,* 4 Minn. 325 (422;) *Groff* v. *Ramsey,* 19 Minn. 44; *Palmer* v. *Bates,* 22 Minn. 532. No such inquiry appears to have been made by McNaughton. He was therefore not a purchaser in good faith, and acquired no right to the forty, unless Curren's conduct was such as to do

away with the effect of his possession as notice. To have this effect, Curren must have done something which he ought not to have done, or have refrained from doing something which he ought to have done, with proper reference to the rights of parties who might purchase under the Ellingsen mortgage. He must have failed in some duty which he owed to such parties.

It is not claimed that Curren did any positive affirmative act in the premises. But it is contended that he failed in his duty, because he did not procure the promised release from the plaintiff, and put it on record; also, because he did not interfere and stop the foreclosure sale of his forty. In the first place, it is to be observed that the plaintiff was the purchaser at the foreclosure sale, the party which had agreed to execute the release, and which had actual notice of Curren's rights. Certainly, Curren owed the plaintiff no duty either as respected the release or the sale. He owed Mc-Naughton no duty at the time of the sale, for McNaughton acquired no claim under the Ellingsen mortgage until shortly before the expiration of the period of redemption. But aside from these considerations, we are of opinion that Curren owed no duty to parties who might purchase at the foreclosure sale. He was not the mortgagor in the Ellingsen mortgage, and, therefore, he had not, as in *Palmer* v. *Bates*, 22 Minn. 532, clothed the plaintiff with authority to sell the forty upon foreclosure. He was not, therefore, guilty of laches, as was held in that case, in not withdrawing the *indicia* of that authority. The case at bar is further distinguishable from *Palmer* v. *Bates* by the fact that here Curren had no release, for the plaintiff had failed to perform its agreement to execute one. Hence there was no laches in failing to record a release. As respects Curren's supposed duty to interfere and stop the sale, it is pertinent to ask why he should be required to do so. He was entitled to his forty clear of the Ellingsen mortgage. The plaintiff knew this to be the fact, yet made the purchase in the face of it. Curren was in actual

possession of the premises, and in the full enjoyment of his right and title to the forty. Why should he go to the trouble of stopping an unauthorized sale of his property, when he had done nothing to give it an appearance of authority? We see no reason why he could not, as he did, safely rest upon his possession, leaving intending purchasers under the Ellingsen mortgage to take notice of his occupancy of the land, and make inquiries accordingly.

We are, therefore, of opinion that Curren's possession was notice to McNaughton of his rights as respected the forty-acre tract. From this it follows that we are further of opinion, as found by the court below, that McNaughton has no right, title or interest in or to said forty-acre tract; that Curren is owner of the same, subject to plaintiff's rights under and by virtue of the Curren mortgage, and that the plaintiff is entitled to a foreclosure of said mortgage.

Judgment affirmed.