HARVEY N. MERCHANT and others *vs.* CHARLES H. WOODS.

January 6, 1881.

**Foreclosure by Advertisement of a Mortgage paid before Default, but not discharged of Record.**—Where a paid-up mortgage, containing a power of sale duly recorded therewith, is allowed to remain undischarged of record, and to be regularly foreclosed by advertisement under the statute without objection, a purchaser at the sale, without notice and for value, upon duly recording his certificate of purchase, duly executed and acknowledged, together with the affidavits of publication and sale provided by statute, will acquire a valid title to the property upon the expiration of the year without redemption, as against the mortgagor and his assigns.

Action to determine defendant's adverse claim to a certain vacant lot in the city of Minneapolis. Trial in the district court for Hennepin county, before *Vanderburgh,* J., who found the following facts: On February 20, 1872, one Mahla, being owner in fee of the lot in question, executed and delivered to one Sarah P. Smith his three promissory notes for $100 each, bearing that date, and payable to her order at one, two and three years, respectively, from date, with ten per cent. interest per annum, and to secure payment of this indebtedness, Mahla executed and delivered to her a mortgage of the lot in question, which contained the usual power of sale in case of any default in the payment of any of the money or interest secured thereby, and was duly recorded on March 13, 1872. In the year 1873, the lot was conveyed to one Connelly, by deed duly executed and recorded, in which deed Connelly assumed to pay the balance due on the mortgage, and which deed recites that there remains unpaid thereon the sum of $200 principal, and interest from February 20, 1873. On April 10, 1874, Connelly paid the mortgage in full to an agent of the plaintiff at Minneapolis, who had received former payments thereon, and who was fully authorized to receive such payment, but not to discharge the mortgage of record. Connelly took from the agent a receipt showing payment in full

of 'the balance due on the mortgage. He did not receive the last note, (the only one then outstanding,) which either was not in the agent's possession, or could not be found by him; nor did Connelly receive the mortgage, which was then in the hands of Sarah P. Smith, who resided away from Minneapolis. The agent never entered the payment in his books, nor reported it to his principal, nor accounted to her for it in any way. Several years after the payment, Sarah P. Smith transferred the agency to the present defendant, who received from the former agent the last note, with other papers belonging to her. The payment was not indorsed on the note. Sarah P. Smith then proceeded to foreclose the mortgage by advertisement. The sale was made pursuant to the notice, on May 5, 1877, and the property was struck off to defendant as the highest bidder, who received the proper certificate of sale, which, with the proper affidavits, etc., was duly recorded May 8, 1877.

Connelly died in August, 1874, leaving one daughter, who died in January, 1875, leaving as her sole heir one Maria Merchant, who died in February, 1877, having devised the lot in question to plaintiffs. No claim or demand was made on Connelly in his lifetime, nor upon any one, for any balance due on the mortgage, until the foreclosure proceedings. There was no evidence as to any notice had by plaintiffs, or any person under whom they claim, of the foreclosure proceedings, other than the notice of sale published. The foreclosure proceedings were entirely regular; there appeared to be due on the face of the note and mortgage (previous payments being indorsed) the amount claimed in the foreclosure notice; the mortgage was never discharged of record, nor was any demand for a discharge ever made; and the defendant purchased at the sale and paid the consideration in good faith, and without notice of the claim of payment made by plaintiffs. The time for redemption from the sale expired on May 5, 1878, and no redemption was ever made. This action was brought in October, 1878.

As conclusions of law the court held that the payment to the agent was a valid payment, and operated as a satisfaction of the mortgage as between the parties, and as to any person having notice; but that as to the defendant, a purchaser in good faith, the sale was valid. Judgment was ordered and entered for the defendant, and the plaintiffs appealed.

*H. G. O. Morrison*, for appellants, cited *Cameron* v. *Irwin*, 5 Hill, 272.

*Woods & Babcock*, for respondent.

CORNELL, J. The statutory provisions relating to recording conveyances of any estate or interest in real estate by which the title may be affected, are especially designed for the benefit and protection of parties dealing in that kind of property. The leading object is to provide full, truthful and reliable information respecting titles, easily accessible to all, and upon which any one may safely act in making a purchase when he has no knowledge or notice of any fact sufficient to put him upon inquiry, or to excite suspicion as to the fulness or accuracy of the record title. Wade on Law of Notice, § 96. To this end every such conveyance by deed, mortgage, or *otherwise*, is required to be recorded in the office of the register of deeds of the county where the real estate is situated, and, if not, it is declared to be void as against any subsequent purchaser of the same in good faith, and for a valuable consideration, whose conveyance, in whatever form, is first duly recorded. Gen. St. 1878, c. 40, § 21. Within the meaning of this section, a release by a mortgagee of his interest and estate in mortgaged premises, whether done by an entry in the margin of the record, by a certificate of discharge as authorized by section 36, or by a decree of court under section 37, is a conveyance, as that term is defined by section 26. Such was the ruling of this court in *Palmer* v. *Bates*, 22 Minn. 532, where it was also held that an unrecorded release of a portion of the mortgaged premises was of no avail as against an innocent purchaser for value, acquiring title under a statutory foreclosure by advertisement of the mort-

gage upon the entire tract, and a certificate of sale duly exe-
cuted and recorded, with the usual affidavits of sale and
publication of the foreclosure notice.

In the case at bar, the foreclosure proceedings under which
defendant claims title were had in strict conformity with the
requirements of statute, and without objection from any source.
The foreclosure notice was duly published, the mortgage was
undischarged of record, and it and the note, for default in the
payment of which the foreclosure was had, both purported
upon their face to be unsatisfied, and were so held by the
mortgagee at the time, of which facts the defendant had knowl-
edge prior to his purchase. The certificate of sale and the
affidavits of publication and sale were duly made and recorded,
and it is not questioned that the defendant in entire good
faith bought and paid a valuable consideration for the prop-
erty, which was vacant and unoccupied at the time. In view
of these facts it is difficult to distinguish the present case in
principle from that decided in *Palmer* v. *Bates, supra.* The
additional fact which exists in this case, but did not in that,
that the whole mortgage debt was paid prior to the foreclosure,
is only important as showing the extent of the relinquishment
of the mortgage security as between the parties thereto and
their assigns; but it does not affect the question as to the
effect of such relinquishment against third parties, having no
notice thereof, actual or constructive. As between the former,
such payment would operate to extinguish the entire mort-
gage and all rights under it, and would equitably entitle the
mortgagor or the holder of the equity of redemption to a deed
of release from the mortgagee, releasing and relinquishing all
his interest and rights under the mortgage. But no greater
effect could be given to such a payment than would be ac-
corded to a full deed of release, founded upon any valid con-
sideration, covering and relinquishing all the rights of the
mortgagee under his mortgage. If such a release, unre-
corded, would be ineffectual to defeat the title of an innocent
purchaser without notice, acquired under a subsequent and

apparently valid foreclosure of the mortgage, clearly a payment of the mortgage debt, unaccompanied by any written release whatever, would be equally ineffectual under like circumstances.

The invalidity, under the registry laws, of such an unrecorded release, as respects the rights of such a purchaser, follows as a logical sequence from the decision in *Palmer* v. *Bates, supra.* Though the release in that case only covered a part of the mortgaged premises, the decision was not put upon that ground, but upon the ground that the statute makes every unrecorded instrument of that character, without regard to the extent of the interest released, void as against any purchaser in good faith, and for a valuable consideration, whose conveyance is first duly recorded. The principle, and the reason for it, is this: Whenever the lien of a recorded mortgage containing a power of sale is in fact discharged, in whole or in part, by payment or otherwise, the law makes it the duty of the mortgagor or the holder of the equity of redemption, as between him and third parties having no notice thereof, to procure the evidence of the discharge to be properly put upon record. A failure so to do leaves the mortgage apparently a subsisting security, and the mortgagee apparently still clothed with the authority originally conferred by the power; and if, in the exercise of such apparent authority, a foreclosure is regularly had, and a sale is effected upon the faith of the appearances, the innocent purchaser will be protected in his title, if first recorded, as against the party through whose fault and negligence the apparently valid foreclosure and sale were rendered possible.

Upon the findings of fact, the case at bar comes clearly within this principle. The facts, as they appeared to defendant from the record of title which constituted notice to him as a purchaser, showed a mortgage debt long overdue, a mortgage unsatisfied, and an existing power of sale that had become operative by reason of a default in the payment of the debt. The possession of the note and mortgage by the mortgagee,

and their appearance, furnished additional evidence in support of the same facts. Suffering the foreclosure and sale to pass without objection, after the publication of the foreclosure notice provided by statute as sufficient and conclusive notice of the proceedings to interested parties,—*Bennett* v. *Healy*, 6 Minn. 158 (240,)—was, to say the least, an apparent acquiescence on the part of the mortgagor, and those claiming under him subsequent to the mortgage, in the validity of the foreclosure, and the claim of default upon which it was based. The apparent existence of these facts was the direct result of the culpable neglect of Connelly in omitting to do what ordinary prudence and duty required of him under the circumstances. They all concurred and were well calculated to induce a belief in their validity by the defendant, and to cause him to make the purchase he did upon the faith of that belief. Having completed the purchase in good faith, got the statutory conveyance evidencing his title, and placed it properly upon record, the defendant is protected against the fraud and injustice which would result if Connelly were now permitted to impeach its validity, by showing that the mortgage was in fact extinguished prior to its foreclosure.

Judgment affirmed.