JAMES McNAUGHTON *vs.* CARLETON COLLEGE.

September 29, 1881.

**Conveyance passing no Title or Interest is not within Gen. St. 1878, c. 40, § 34.**—Gen. St. 1878, *c.* 40, § 34, as follows, viz.: "In all conveyances of real estate by deed or mortgage, upon which any encumbrance exists, the grantor, whether he executes the same in his own right, or as executor, administrator, assignee, trustee, or otherwise, by order of law, shall, before the consideration is paid, by exception in the deed or otherwise, make known to the grantee the existence and nature of such prior encumbrance, so far as he has knowledge thereof,"—does not apply to a conveyance which passes no title or interest in the real estate.

Appeal by defendant from an order of the district court for Rice county, *Buckham*, J., presiding, overruling a demurrer to the complaint.

The complaint sets forth the following facts: On May 18, 1867, one Hebron Ellingsen, being the owner of a certain described tract of land in Rice county, containing 120 acres, sold to one Curren a certain described portion thereof, containing 40 acres. Curren paid fifty dollars down, and, for the remainder of the purchase price, gave his promissory notes for $300, receiving from Ellingsen a bond for a deed in the usual form, which has never been recorded. Curren at once took possession of the premises bought by him, and occupied them as his homestead. On July 26, 1871, Ellingsen mortgaged the whole 120 acres to defendant, and the mortgage was at once recorded. On October 28, 1872, Curren made an agreement with the defendant and Ellingsen to secure payment to defendant of the balance

($250) then due on Curren's purchase from Ellingsen, on condition that Ellingsen should execute and deliver to Curren the warranty deed called for by his bond, and that the defendant should release Curren's forty-acre parcel from the Ellingsen mortgage, which the defendant verbally agreed to do. Ellingsen accordingly, on the same day, executed and delivered to Curren a warranty deed of the forty-acre parcel, which was recorded on the next day, and Curren and his wife executed and delivered to defendant a mortgage on the same parcel, to secure his notes for $400. The defendant, however, never executed any release of the Ellingsen mortgage.

On August 12, 1875, the Ellingsen mortgage, upon default in payment, was foreclosed by defendant, and at the foreclosure sale, on that day, the 120 acres embraced in the mortgage were sold as one parcel to the defendant, and the usual sheriff's certificate of sale was executed, delivered to defendant, and recorded. On August 2, 1876, the defendant sold and assigned the certificate to the plaintiff, by a deed purporting to convey all defendant's right, title and interest in and to the certificate, and in and to the lands described therein, for $939.71, which the plaintiff then paid to the defendant. This assignment was recorded on August 28, 1876, and no redemption from the foreclosure sale was ever made.

After the period of redemption had expired, and on November 22, 1876, the defendant brought suit to foreclose the mortgage on the forty-acre parcel given to it by Curren, in which action the present plaintiff and Curren were made defendants, and defendant prayed that Curren might be adjudged to be the real owner of the forty-acre parcel, subject to the lien of the mortgage to defendant, and that the present plaintiff be adjudged to have no estate or interest in that parcel. The present plaintiff appeared and answered in that action, claiming title in fee to the forty acres under the certificate and assignment. The action was tried and judgment rendered, adjudging, among other things, that Curren was the owner of the forty-acre parcel, that the present plaintiff had no estate or interest therein, and directing a sale of the premises to satisfy the defendant's mortgage. This judgment was affirmed on appeal by the supreme court. See *Carleton College* v. *McNaughton*, 26 Minn. 194.

The complaint further charges defendant with knowledge, at the time of assigning to him the certificate on the foreclosure of the Ellingsen mortgage, that Curren then was and had for a long time been in possession of the forty-acre parcel, and of the agreement for the release of that parcel from the Ellingsen mortgage, and that such release had never been executed or recorded, and of Curren's possession of the unrecorded bond for a deed of that parcel at the date of the execution of the Ellingsen mortgage. That the defendant did not, before payment of the consideration for the deed of assignment, make known to plaintiff, by exception in the deed or in any manner, the existence or nature of the said encumbrances or any of them or any part thereof, nor make known to the plaintiff, until long afterwards, the fact that Curren was in possession of the forty-acre parcel, or had been prior to, or was at the time of the execution of the Ellingsen mortgage, nor the fact of the verbal promise to Curren to release the same from the lien of the Ellingsen mortgage, nor the fact of Curren's possession of an unrecorded bond for a deed. That the plaintiff, when he took the assignment and paid the consideration therefor, had no actual knowledge or notice of any of these matters, but bought the certificate, accepted the assignment and paid the consideration, in the belief that the certificate was a first and prior lien on all the land described in it, and would vest a good title to all such lands in the plaintiff, at the expiration of the time for redemption, in case no redemption should be made.

The complaint further states that on discovering Curren's possession, and before the former action was brought, the plaintiff had offered to reconvey to defendant all interest acquired by him under the assignment of the certificate, on repayment of the money paid by him therefor, but the defendant has always refused to accept such conveyance, or refund such money or any part thereof; that the forty-acre tract was and is worth $1,000, and the residue of the 120 acres no more than $2,000, and the plaintiff has been damaged, by reason of the premises, in the sum of $1,000, for which he asks judgment.

*W. S. Pattee*, for appellant.

*A. D. Keyes*, for respondent.

Curren's interest in the premises was an encumbrance, within the meaning of Gen. St. 1878, c. 40, § 34, which should be so construed as to effectuate its purpose, viz., to protect innocent purchasers of real estate. This statute was adopted as a part of the General Statutes of 1866, and presumably had in view, and was intended, to change the law as laid down in *Martin* v. *Brown*, 4 Minn. 201 (282,) and *Daughaday* v. *Paine*, 6 Minn. 304 (443.)

CLARK, J. It is claimed by the plaintiff that by virtue of Gen. St. 1878, c. 40, § 34, the defendant corporation, at the time it assigned to the plaintiff all its right, title and interest in a sheriff's certificate of sale, executed to it as the purchaser at the sale on the foreclosure by advertisement of a mortgage of real estate, was bound, before the consideration of such assignment was paid, by exception in the deed of assignment or otherwise, to make known to the assignee that, at the time of the execution of the mortgage, a third party, John Curren, was in possession of, and occupying as a homestead, a part of the mortgaged premises, (one 40-acre tract out of 120 acres,) under a bond for a deed from the mortgagor, which was never recorded, and that the mortgagor subsequently, and before the foreclosure, conveyed the 40-acre tract, by a deed which was duly recorded, to Curren, in pursuance of such bond, and that the defendant, the mortgagee, at the time of such conveyance, agreed with the mortgagor and such grantee, as one of the conditions on which such conveyance was made, to release such 40-acre tract from the mortgage, and failed so to do, and at the same time took from Curren a mortgage thereon to secure the payment of a sum of money owing from him to the defendant.

The entire mortgaged premises were bid in by defendant at the foreclosure sale in one parcel, including the 40-acre tract, and were embraced in the certificate so assigned. This 40-acre tract had remained continuously in the occupation of Curren, as his homestead, from the time he so took possession thereof under the bond for a deed. The assignment to the plaintiff was made shortly before the time for redemption expired, and there was no redemption from the sale. The plaintiff alleges that, at the time he took the assignment and paid the consideration therefor, he was ignorant of the rights of

Curren, and of the facts out of which they arose. He further alleges that the defendant corporation brought an action to foreclose the mortgage from Curren, in which the plaintiff was made a defendant, wherein a part of the relief asked was that Curren might be decreed to be the real owner of the mortgaged premises, subject to the lien of the mortgage, and the plaintiff in this action might be adjudged to have no estate or interest therein; that the plaintiff herein defended, claiming title to the mortgaged premises by virtue of the certificate of sale and the assignment thereof; that judgment was entered declaring Curren to be the owner of the land, subject to the lien of the mortgage, and decreeing the sale thereof to satisfy the mortgage debt; and that such judgment was affirmed by this court on appeal. This suit is brought to recover the value of the 40 acres by reason of the breach of the obligation so claimed to have been imposed by the statute on the defendant, and comes to this court on appeal by the defendant from an order overruling a demurrer to the complaint.

The assignment contained no covenants. Gen. St. 1878, *c.* 40, § 6, provides that no covenants shall "be implied in any conveyance or mortgage of real estate, whether such conveyance contains special covenants or not." The plaintiff does not allege that there were any false representations or any fraudulent concealment on the part of the defendant, and there is nothing to show that the defendant offered to sell, or agreed to transfer, any other or greater interest in the land than would actually pass to the defendant by the assignment.

In the absence of fraud, it is conceded by counsel, and is unquestionably correct, that the rule of *caveat emptor* applies to this transaction, unless it is taken out of that rule by the provisions of statute first referred to in this opinion. That section reads as follows: "In all conveyances of real estate by deed or mortgage, upon which any encumbrance exists, the grantor, whether he executes the same in his own right, or as executor, administrator, assignee, trustee, or otherwise, by order of law, shall, before the consideration is paid, by exception in the deed or otherwise, make known to the grantee the existence and nature of such prior encumbrance, so far as he has knowledge thereof." It is obvious that this section, being in deroga-

tion of the general rule of law, can only be applied to a case which comes fairly within its terms. It is unnecessary to decide whether an assignment of a certificate of sale on foreclosure is a conveyance within the meaning of the section; for, conceding that it is, we are of opinion that the action cannot be maintained. The plaintiff would certainly have been in no worse position if the time of redemption had been allowed to expire, and he had then taken a deed without covenants from the defendant. The statute was not intended to take the place of covenants for title in a deed of conveyance. In *Carleton College* v. *McNaughton,* 26 Minn. 194, between the same parties, and involving the same transaction, it was held that Curren's possession was notice to the plaintiff of his title, and that the plaintiff acquired no interest whatever in the 40-acre tract by virtue of the sheriff's certificate and the assignment. An encumbrance is any right to or interest in land which may subsist in third persons to the diminution of the value of the estate of the tenant, but consistently with the passing of the fee. Bouv. Law Dict. We think the statute is properly applicable only to cases where the title of the real estate passes or is affected by the conveyance, and that it does not, by its terms, and was not intended to, afford a remedy in a case where the grantor had no title or interest which could pass or be affected by the deed. If the grantee desires indemnity against the failure of the deed to operate upon the title of the land at all, he must take covenants from his grantor.

Order reversed.