# FRANK FINLEY v. NELS ERICKSON and Others.[1]

June 27, 1913.

Nos. 18,063—(161).

**Foreclosure of mortgage — statute of limitation.**

1. A statutory mortgage foreclosure sale of record, and fair on its face, is not open to attack upon any ground after the limitation prescribed by section 4478, R. L. 1905, has run.

**Mortgagee in possession.**

2. One who has acquired the rights of a mortgagee in possession does not lose the same by being temporarily or involuntarily dispossessed.

Action in the district court for Pennington county to determine adverse claims to certain real estate. The facts are stated in the opinion. The case was tried before Grindeland, J., who denied defendant's motions to dismiss, made findings, and ordered judgment that defendants Erickson were the owners in fee and entitled to the immediate possession of the land described. From an order denying plaintiff's motion for a new trial, he appealed. Reversed.

*Fred L. Farley, Eugene Bryan* and *Ashley Coffman,* for appellant.

*F. A. Grady* and *Perl W. Mabey,* for respondent.

HOLT, J.

Action to determine adverse claims to 280 acres of land in Pennington county in which the defendants prevailed. Plaintiff appeals from an order denying a new trial.

The complaint set out plaintiff's title by stating that on September 11, 1889, one Nels Erickson was the owner and in possession of the land; that on that date he gave a mortgage thereon to secure a note for $1,250; that the mortgage was recorded; that it was assigned by the mortgagee to George A. Dockstader on February 19, 1890; that the assignment was recorded March 4 following;

1 Reported in 142 N. W. 198.

that Dockstader died August 1, 1890, and executors of his estate were duly appointed; that the mortgagor never paid any part of the mortgage, principal or interest, or any taxes after the date of the mortgage; that the mortgage was foreclosed. And in such foreclosure the sheriff of the county duly sold the land on April 15, 1891, and issued the certificate of sale which was then recorded; that the proceedings were had and the sale made in the name of George A. Dockstader; that Erickson removed from the land, and that thereafter the executors and heirs of Dockstader were in possession, until conveyance thereof in 1901 to plaintiff's remote grantor. The answer alleged that the defendants were the heirs of Nels Erickson, admitted the execution by him of the mortgage, and the assignment thereof to George A. Dockstader and alleged that the executors assigned the mortgage to John Fleming in 1895, which assignment was then recorded, that John Fleming never foreclosed or sold the mortgage, and that the statute of limitation has run against the debt. The reply, among other matters not here material, set up the statute of limitation hereafter referred to.

In addition to the admitted facts, and the execution and record of the instruments relating to this land which were recorded, the court found that George A. Dockstader died in August, 1890; that the mortgage mentioned was foreclosed by advertisement in 1891; that the notice of sale purported to be signed by George A. Dockstader, as assignee of mortgagee; that at the sale thereunder the sheriff sold the land and issued the certificate of sale to George A. Dockstader; that the executors of the estate of Dockstader did not know of the foreclosure until 1897; that in 1898 the said executors took possession of the premises and from time to time through mesne tenants farmed and tilled the tillable acreage thereof during a number of years subsequent thereto; and that the plaintiff herein holds title through mesne conveyances from said estate of George A. Dockstader, and that either he or his grantors have been in possession of said premises during all the periods of time from and beginning some time in the year 1898 up to and including sometime in the year 1910. The court also found that the executors assigned the mortgage in 1895 to John Fleming. The evidence however shows

that after Fleming, who was the confidential clerk of Dockstader and his executors, ascertained that the mortgage had been foreclosed, he quitclaimed to the Dockstader estate and was paid back the money paid for the mortgage. Upon these findings and one that the defendants were the heirs of Nels Erickson, the court directed the entry of judgment that the defendants are the owners of the land and that the plaintiff have no relief. The plaintiff appeals from the order denying a new trial.

The decision of the learned trial court would appear right, unless the foreclosure proceeding of 1891 is protected by the limitation statute, section 4478, R. L. 1905, so that the defendants cannot be heard to assert its invalidity, or unless plaintiff has the right of a mortgagee in possession.

We are somewhat embarrassed by the record on this appeal. The assignment of errors is not directed against any finding of fact nor the conclusion of law. Plaintiff moved for 26 amended findings of fact in connection with his motion for new trial. Nearly all of these found no support in the testimony and were properly denied. But we think in the motion for new trial the effect of the statute cited was raised by some of the requested amended findings of fact and conclusions of law, and we may therefore consider the question without undue violence to our rules with respect to assignments of error.

Section 4478, R. L. 1905 reads: "No such sale shall be held invalid or set aside unless the action in which its validity is called in question be commenced, or the defense alleging its invalidity be interposed, with fifteen years after the date of such sale: Provided, that persons under disability as provided in section 4477 may commence such action, or interpose such defense within the time therein provided. This section shall not affect or prejudice the rights of any bona fide purchaser." This is substantially the equivalent of chapter 31, page 82, of the Laws of 1889 found in section 6055 of the General Statutes of 1894, except that the time is reduced from 20 years to 15 years. Foreclosure of mortgages upon real estate by publishing the notice of sale in a newspaper according to statutory provisions came early into vogue in this state. Scarcely a title

to land may now be found where a mortgage foreclosure by advertisement does not constitute one or more links in the chain. Statutory foreclosure under the power given in the mortgage must necessarily conform strictly to the requirements. But mistakes and irregularities creep into the proceedings; and the legislature has from time to time passed curative acts in respect thereto. It was necessary to give stability to titles derived through such sales. Hence the enactment also of statutes limiting the time within which a foreclosure sale may be attacked for defects. Such is chapter 112, p. 155, Laws 1883, found in section 6054 of the statutes of 1894 and essentially the same as section 4477, R. L. 1905. A foreclosure sale involving a very valuable tract of land in the city of Minneapolis was attacked for practically the same reason as in this case, and it was sought to sustain the foreclosure under said chapter 112 of Laws of 1883, Bausman v. Kelley, 38 Minn. 197, 36 N. W. 333, but the court held that publishing the notice of sale in the name of a dead man was not one of the defects covered by said chapter. This decision was rendered in 1888, and attracted wide attention because of the large value of the land and the long time during which the foreclosure proceedings had been allowed to remain unchallenged. Another action involving the same foreclosure, Bausman v. Faue, 45 Minn. 412, 48 N. W. 13, begun prior to the enactment of chapter 31 of Laws of 1889, did not reach this court until subsequently thereto. It is reasonably certain that the decision in Bausman v. Kelley prompted the legislature of 1889 to pass chapter 31 and also chapter 33 of that session. The last named chapter gives effect to sheriff certificates issued to purchasers at mortgage foreclosures and limits the time to 20 years within which the title thereby purported to be conveyed is open to attack. Chapter 33 has not been directly repealed, whereas chapter 31 was by chapter 108, R. L. 1905, so that the limitation is as provided now by said section 4478, R. L. 1905.

We therefore conclude that the legislature intended to set at rest all questions concerning a mortgage foreclosure sale after the lapse of 15 years, except in case of disability of either party to an action, and in such case to extend the time 5 years after the removal of

such disability. Section 4477, R. L. 1905. It may be urged that this could not be done. That in this instance there was no foreclosure, for the notice was in the name of a dead person. A sale requires a purchaser and the dead cannot buy. But the records ever since 1891 have shown a mortgage and a foreclosure thereof fair on its face. A statute of limitation is based to a great extent on the proposition that, if one person has a claim against another, or in property ostensibly in another's name or possession, it would be inequitable for him to assert such claim after an unreasonable lapse of time during which such other has been permitted to rest in the belief that no such claim existed. Facts and reasons which impel courts to apply the doctrine of estoppel, in cases where lapse of time is a strong element, properly move legislatures in the enactment of statutes of limitation. In Bausman v. Faue, supra, Chief Justice Gilfillan in holding that a mortgagor may be estopped to question a void foreclosure uses arguments which also fully justify the legislature in passing, and the courts in sustaining, the statute in question as full protection to one claiming under a foreclosure proceeding such as here involved. He says: "They (mortgagors) gave record color to the foreclosure, (though it was void). But for them the party attempting the foreclosure could have done nothing to affect the title. They made the void proceedings, and the record of evidence of those proceedings, have the apparent effect to pass the title of the mortgagor and those claiming under him. In other words, a part of the record which appears to pass the title was by authority of the mortgagor, and the remainder was apparently so. He was bound to anticipate that, in case of default, an attempt might be made to foreclose under the power, and that evidence of what was done might be placed on record, so as to make it appear that, under and by virtue of his mortgage and power, his title had passed to the purchaser at the attempted foreclosure." That the records of foreclosure proceedings are to be deemed of great importance upon which purchasers may and do justly rely, see Merchant v. Woods, 27 Minn. 396, 7 N. W. 826. We think section 4478 was intended to cover more than defects in foreclosure proceedings, and goes to the extent of making absolutely void sales invulnerable to attack

after the lapse of 15 years, during which the records are permitted to show an apparently valid foreclosure.

Apparently the findings were not made with this question in view, and we doubt whether the statute was seriously urged by plaintiff at the trial, since there is no reference to it, either in the findings or in the memorandum of the learned trial court. If, therefore, any of the defendants have been or are under disability so that the statute had not run when the action was begun, it would be manifest injustice to direct judgment now to be entered for the plaintiff. A new trial is therefore necessary. But since, in case of disability of any defendant, it may become important on another trial to determine the claim that plaintiff was a mortgagee in possession, some attention should be given that feature of the case. The finding that such possession was taken by plaintiff's predecessors in 1898 and not before is abundantly sustained. But we do not think the evidence or the findings show that the rights thus gained by the plaintiff and his predecessors have terminated. The fact, if such it be, that the defendants had entered on the land within the year before the action was begun is not enough to divest the mortgagee in possession of his rights. Such entry may have been against the protest of plaintiff, and not evidence of voluntary surrender of rights acquired. Even if the statute of limitation had not run when this action was begun, because some of the defendants may have been under disability, we nevertheless are of the opinion that the record shows plaintiff to have the rights of a mortgage in possession. Therefore, as above indicated, a new trial is deemed advisable in order to have full and complete findings of fact from which the legal rights of the parties may be definitely ascertained and determined.

Order reversed.