HERMAN ACKMANN ET AL., APELLANTS, V. HATTIE ACKMANN: E. G. DRAKE, APPELLEE.

FILED FEBRUARY 13, 1934. No. 28804.

*E. A. Wunder,* for appellants.

*Rinaker & Delehant* and *M. S. Hevelone, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and DAY, JJ., and BEGLEY, District Judge.

ROSE, J.

This is an action in which there is a prayer by plaintiffs for the construction of a will and for the cancelation of a mortgage as a cloud on a tract of land. The district court sustained a demurrer to the petition. Plaintiffs refused to plead further and the action was dismissed. From the judgment of dismissal plaintiffs appealed.

The will in controversy was executed by Ferdinand Ackmann who died October 25, 1917, leaving surviving him his widow and 12 children. The will was probated December 6, 1917. Testator had acquired title to the land described in the petition March 2, 1907. Ten of testator's children are plaintiffs. Of the other two, Emil Ackmann, son, has no interest in the mortgaged land and William F. Ackmann, son and devisee, died childless November 5, 1931. The principal defendant is E. G. Drake, to whom the land involved was mortgaged by William F. Ackmann for $3,000 February 27, 1930.

The second paragraph of the will bequeaths to Caroline Ackmann, wife of testator, his personal property and devises to her a life estate in his real property. In each of several other paragraphs of the will, land is devised by testator to a child, subject to the life estate of testator's wife, who died June 21, 1929. Some devises of remainders were limited by the clause, "without any power or right" in the devisee "to sell, mortgage or otherwise encumber said land." The facts summarized are stated at length in the petition which contains a copy of the will. The fourth

and fifteenth paragraphs of the will are as follows:

"Fourth. To my son William F. Ackmann I give and devise the east half of the northeast quarter of the northwest quarter and the south half of the said northwest quarter of section eight in township three, range three, in Jefferson county, to have and to hold the same to the said William F. Ackmann and his heirs and assigns forever but subject to the rights of my said wife in paragraph two hereto."

"Fifteenth. In the event that any of my said children shall die without leaving any child surviving and without having conveyed the real estate herein then it is my will that said real estate belonging to said deceased shall be divided equally among my other children then living, and surviving child or children of any deceased child."

The land described in the fourth paragraph of the will is the tract in controversy. The fee was thereby granted to devisee "to have and to hold the same to the said William F. Ackmann and his heirs and assigns forever," subject only to the life estate of his mother, which was extinguished by her death June 21, 1929. The mortgage was executed at a later date and William F. Ackmann died childless November 5, 1931. Plaintiffs claim his land unencumbered by the mortgage. They take the position that the devises to the children and the fifteenth paragraph should be construed together, that the will so construed vested in each surviving child a defeasible or determinable fee and that the contingencies and conditions were defeated by the fifteenth paragraph. This position seems to be untenable and the cases cited in support of it inapplicable, except as to construing the will in its entirety.

The fourth devise wills the land to devisee subject only to the life estate, since extinguished. This devise includes the power to sell and convey. Under the fifteenth paragraph, it is only in the event of the death of a childless devisee that his land shall be divided equally among the other children of testator. The later paragraph recognizes the devise of the fee in the fourth. Real estate belonging

to decedent is what is to be divided among other heirs, in the event of the death of devisee without leaving a child. Death of devisee "without having conveyed the real estate" is a condition of division among the other children. Construing the two provisions together in connection with the entire will, it is clear that the later provision does not cut down the former grant to convey. Ownership and title creating the right to convey land include the lawful right to mortgage it. While a "mortgage," in a technical sense, is not a deed conveying land, it is a "conveyance" in the common use of that word—the sense in which it was used in the will. In *Potter v. Vernon,* 129 Okla. 251, the court said:

"Under the general rule that all instruments affecting real estate are included under the word 'conveyance,' are included the following: A mortgage of an equitable interest (*Sullivan v. Corn Exchange Bank,* 154 App. Div. 292, 139 N. Y. S. 97); a leasehold (*Lembeck, etc., Eagle Brewing Co. v. Kelly,* 63 N. J. Eq. 401, 406, 51 Atl. 794); of personal property (*Patterson v. Jones,* 89 Ala. 388, 390, 8 So. 77); an agreement to execute a mortgage (*In re Wright's Mortg. Trust,* L. R. 16 Eq. 41, 46); an assignment for the benefit of creditors (*Prouty v. Clark,* 73 Iowa, 55, 56, 34 N. W. 614); an assignment of a chose in action (*Wilson v. Beadle,* 2 Head (Tenn.) 510); the satisfaction of a mortgage (*Foss v. Dullam,* 111 Minn. 220, 126 N. W. 820); an instrument in the nature of a trust deed, even without a seal, acknowledgment or witness (*White v. Fitzgerald,* 19 Wis. 480); a release, as an instrument by which the title to real estate might be affected in law or equity (*Palmer v. Bates,* 22 Minn. 532); a release of a mortgage (*Baker v. Thomas,* 61 Hun, 17, 15 N. Y. S. 359); or part of land covered by a mortgage (*Merchant v. Woods,* 27 Minn. 396, 7 N. W. 826)."

In executing the mortgage in controversy, William F. Ackmann was within his legal rights under the will. The mortgage created a valid lien. The petition does not state

facts sufficient to show that plaintiffs have title to the land free from the lien of the mortgage. The demurrer was properly sustained and the dismissal is

AFFIRMED.